## BERNICE P. BISHOP *et al. vs.* LOKANA *et al.*

### TRESPASS. BEFORE JUDD, C.J.

### FEBRUARY, 1885.

An action of trespass *quare clausum fregit*, held to abate upon death of plaintiff.

### DECISION OF JUDD, C.J.

This is an action of trespass wherein five hundred dollars ($500) damages are claimed for breaking and entering the fishery appurtenant to the Ahupuaa of Moanalua, the property of the plaintiffs, and taking fish therefrom.

The action was commenced on the 3d of October, 1884. During that month Mrs. Bishop died, and her executors appeared

on the 15th December and filed in Court a suggestion of her death, and prayed that the suit might proceed to final judgment.

At the January term, 1885, the defendants move that the appearance of the executors be set aside on the ground that the cause of action declared upon does not survive to the executors.

The Act of 1876 (Compiled Laws pp. 385-6) provides the method to be pursued in proceeding with an action after the death of the plaintiff or defendant. But it seems to me from the language and intent of the Act that this procedure is only applicable to such actions as survive to the personal representatives of the deceased, that is, such actions as might originally be maintained by the executor or administrator.

The action in question appears to me to be trespass *quare clausum fregit,* and the taking of fish is alleged by way of aggravation. Actions for injury to real estate do not survive to the executor or administrator, for the real estate passes to the heir or devisee, and not to the personal representatives.

The maxim applicable is *actio personalis moritur cum persona,* and is peculiarly applicable to actions in form *ex delicto.* Actions in tort, founded on malfeasance or misfeasance to the person or property of another, are annexed to the person and die with him, except where the remedy is given by statute to the personal representatives. Broom's Legal Maxims, star page 706.

It required the enactment of a statute in England (3 and 4, Wm. 4, C. 42) to enable executors or administrators of a person deceased to maintain trespass for injury to the real estate of such person committed in his life-time. This statute limits the right of action to an injury committed within six months before the death of such person, and requires the action to be brought within one year after the death of such person.

In Williams' Executors, p. 870, the text reads: "Since actions founded on wrongs to the freehold do not survive, it is clear that the executor cannot (unless by virtue of the new statute just cited, 3 and 4, Wm. 4) maintain trespass *quare clausum fregit.*"

Whether the executor may have trespass *de bonis asportatis* or can maintain an action for money had and received (the proceeds of trespass), waiving the tort, it is not necessary for me here to decide.

It is suggested that the object of this action is to try the title. This cannot well appear until the plea is made. And if it were, I should say that the devisee is the more appropriate one to bring the action, if the trespass still continue.

It is perhaps to be regretted that the Act of 1876, on abatement of actions, did not specify what actions may be maintained by executors and administrators, but as they are not specified, the only safe course is to discriminate according to the principles of the common law.

I notice in *Kake vs. Horton,* 2 Hawn., 213, that this Court doubted whether the administrator could maintain an action of damages on the death of a person, but allowed the widow to maintain the suit.

I think this action has abated, and grant the motion to set aside the appearance of the executors.

*F. M. Hatch,* for plaintiffs.

*E. Preston,* for defendants.

Honolulu, February 11th, 1885.