FRANK ALAMEDA, ADMINISTRATOR OF THE ESTATE OF AWILI SHAW, ALSO KNOWN AS MRS. ALBERT K. SHAW, DECEASED, *v.* A. S. SPENSER, J. PATRICK COCKETT, SAMUEL ALO, CONSTITUTING THE BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE COUNTY OF MAUI, TERRITORY OF HAWAII.

No. 2363.

Submitted October 21, 1938.          Decided November 12, 1938.

Peters and Kemp, JJ., and Circuit Judge Le Baron in Place of Coke, C. J., Absent.

OPINION OF THE COURT BY KEMP, J.

The agreed statement of facts upon which this case is submitted sets forth that the plaintiff is the administrator of the estate of Awili Shaw and the defendants constitute the board of trustees of the police pension fund of the County of Maui; that Awili Shaw, as the widow of a deceased police officer, was granted a pension of $25 a month on December 11, 1920, by the board of trustees of the police pension fund of the County of Maui; that said Awili Shaw was paid the pension of $25 per month and no more during the period from April 29, 1929, to June 30, 1933, notwithstanding the provisions of Act 144 of the Session Laws of 1931 amending Act 9, Session Laws of 1929; that Awili

Shaw died intestate on November 19, 1936, leaving as her heirs-at-law two adult children and that shortly thereafter the plaintiff Frank Alameda was appointed administrator of her estate; that during the life of Awili Shaw there was unpaid under the provisions of said Act as arrears of the pension the sum of $1303.90 and that said amount was due and unpaid to the said Awili Shaw during her lifetime; that on November 3, 1937, at a regular meeting of said board there was presented to said board the claim of the administrator herein for the payment of arrears of the pension of the said Awili Shaw, deceased, in the amount of $1303.90 but said board refused to allow said claim or to pay the same. The administrator asks judgment that said arrears of pension is an asset of the estate of Awili Shaw, deceased, and that the board of trustees be directed to pay said sum to the administrator. The board requests judgment that said arrears is not an asset of the estate of Awili Shaw, deceased, and that said claim should not be paid by the board of trustees.

Counsel for the board admit that in view of the decision in *Palea* v. *Rice,* 34 Haw. 150, if Awili Shaw were alive she could maintain an action for the arrears in the pension. They justify the board's refusal to pay the administrator's claim solely on the proposition that said arrears of pension is not such a claim as survives the pensioner and becomes payable to the administrator of the pensioner's estate.

The statutes establishing the pension system for police officers and their dependents after their decease were thoroughly analyzed by this court in *Palea* v. *Rice, supra,* to which reference may be made. None of the matters there decided are challenged in this case. Other parts of the statute, however, are relied upon.

Section 7908, R. L. 1935, is in part as follows: "All pensions granted and payable out of the pension fund shall be exempt from seizure or levy upon attachment, execution,

supplemental process and all other process whether mesne or final and shall not be subject to sale, assignment or transfer by any beneficiary."

In 1 C. J., § 303, p. 174, it is said : "At common law, as a general rule, the qualities of assignability and survival are tests each of the other, and it is therefore said that as a rule assignability and survivability of causes of action are convertible terms. * * * Whether an action will lie by or against an executor or administrator is sometimes mentioned as a test as to whether a cause of action survives; but this is obviously no test at all, since it must be ascertained whether a cause of action survives before it can be determined whether an executor or administrator can sue or be sued thereon. A cause of action created by statute does not survive unless declared to do so by the statute itself or unless provision therefor is made by some other statute."

Counsel for the board insist that since the cause of action which they admit Awili Shaw had in her lifetime was created by statute and is by said statute made unassignable said cause did not survive, there being no declaration of survival in said statute or in any other statute.

They cite the above provision of the statute, the excerpts from Corpus Juris above quoted and *Ingersoll* v. *Gourley,* 72 Wash. 462, 130 Pac. 743, as the authorities sustaining their contention.

The authorities cited unquestionably support the board's contention. Some other authorities to the same effect are : 1 Am. Jur., § 80, p. 69, where it is said : "Whether an action survives depends on the substance of the cause of action, not on the form of proceeding to enforce it. One test that is quite uniformly used to determine survivability is whether or not the cause of action may be assigned. Ordinarily, causes of action which are not assignable do not survive."

In *The People* v. *Life Indemnity Co.*, 261 Ill. 513, 104 N. E. 219, it is said: "Where a right of action is so entirely personal that a person, by contract, cannot place it beyond his control the action will not survive; that, as a general rule, assignability and survivability of causes of action are convertible terms." This was a suit to compel an insurance company to accept payment of premiums on a policy of insurance on the life of plaintiff who died while the suit was pending. The order abating the suit was grounded on the fact that the cause was so personal to plaintiff that he could not assign it and it could not therefore be proceeded with after his death. *Selden* v. *Illinois T. and S. Bank*, 239 Ill. 67, 87 N. E. 860, was a suit by a sister and sole heir-at-law of one Shipman, deceased, to contest his will. The contestant died *pendente lite* and her executor and certain of her heirs were substituted for her. On appeal the supreme court after holding that the right to contest a will in Illinois is purely a creature of statute; that causes of action created by statute do not survive; that causes of action that are not assignable do not survive and that the right to continue the prosecution of a suit upon the death of a plaintiff is limited to those cases in which the cause of action survives, held that said cause must abate.

In the Federal courts the survivability of causes of action created by Act of Congress is tested by the principles of the common law and is held to survive or not according to those principles unless the Act giving the causes of action contains a specific provision for their survival. (1 Am. Jur., § 97, p. 77.)

The contention of counsel for the board would seem to be the proper view of the matter unless there are other authorities of so controlling and decisive a character as to justify the conclusion that the pension in question, although created by statute which makes it unassignable,

does not come within the rule announced by the cited authorities. One of the contentions of counsel for the administrator is based upon the provisions of section 7917, R. L. 1935, which provides that whenever the pensioner shall die the amount next payable shall be prorated from the last payment date up to and including the date of the death and the sum so prorated shall be paid to the person or persons in said statute enumerated. The personal representative of the deceased pensioner is not included in the enumeration. However, counsel contend that said statute shows that the legislature did not contemplate the vanishing into thin air of the right to accrued pensions but expressly provided for their payment. If said section was applicable to the present controversy it would clearly preclude recovery by the administrator. We unhesitatingly hold that it has no application. The provision, it will be seen, applies in terms only to the payment of the pension money accruing after the last preceding payment date. A very similar provision in the Act of Congress of June 7, 1832, was held to have no application to a controversy over the money due a pensioner accruing prior to the last payment date preceding her death. (*Foot, Executor* v. *Knowles,* 4 Met. [Mass.] 386.)

Decisions from other jurisdictions where statutes have extended the class of causes of action which survive are of very little authority in this jurisdiction where we have no statute on the subject. In *Bishop* v. *Lokana,* 6 Haw. 556, it was held that the Act of 1876 (now R. L. 1935, § 4053 et seq.), providing a method to be pursued in proceeding with an action after the death of the plaintiff or defendant, applied only to such actions as survive to the personal representative of the deceased, that is, such actions as might originally be maintained by the executor or administrator and that the maxim *actio personalis moritur cum persona* applies except where the remedy is given by stat-

ute. At the time of the decision in the above case (1885) the common law had not been adopted by statute in this jurisdiction. It was first adopted in 1892 and now the common law of England as ascertained by English and American decisions is, by statute, declared to be the common law here. (R. L. 1935, § 1.)

At common law where the rule that personal actions die with the person was ordinarily applied the most notable exception was that causes of action survived when founded upon contract. Actions of debt and assumpsit for the money counts also survived. (1 Am. Jur., § 82, p. 70; *Treasurer* v. *Sheehan,* 193 N. E. [Mass.] 46; 96 A. L. R. 534.) As said in American Jurisprudence, *supra,* "These were a part of the personal estate in respect of which the executor or administrator represents the person of the deceased, and is in law his assignee, and it made no difference whether the contract was express or implied."

If it be conceded that the 1917 Act, under which the original grant of pension to Awili Shaw at the rate of $25 per month was made, constituted one of the terms of her husband's contract of employment as a police officer and that hence said sum was based on contract, it could not be successfully maintained that the increase in said pension by the Act of 1929 and the explanatory Act of 1931 was impressed with the same quality. It was more in the nature of a gratuity. The claim which it is conceded Awili Shaw could have enforced in her lifetime and which her administrator now seeks to enforce is not therefore contractual. In the case of *Donnelly* v. *United States,* 17 Court of Claims Rep. 105, that court, in speaking of the nature of pensions generally, said: "A pension is a periodical allowance of money to a person, in the nature partly of a gratuity and partly of payment for past benefits conferred; payment because it is supposed to be in consideration of previous services rendered to the government or the public, for which

the compensation before made, if any, was inadequate in proportion to the benefits received and the ability of the nation in its prosperity to pay; a gratuity because it is not ordinarily founded on contract, and in such case cannot be demanded as a legal right until the government has acknowledged its moral obligation and made the grant. As it is purely voluntary, its payment must be made and accepted in exact conformity with the terms of the grant, and must be subject to all the limitations, conditions, and exceptions therein contained."

In the case of *Foot, Executor* v. *Knowles, supra,* the pension statute involved like our statute made the pension unassignable and it was held that the executor could recover it from one to whom the pension authorities had paid it, holding that the accrued pension was an asset of the estate of the deceased pensioner. No reference was made to the general principle that causes of action created by statute or causes of action not assignable do not survive. The argument was made by the defendant that the will of the deceased was an assignment of the accrued pension and was, under the terms of the statute, void. The court rejected this argument saying that the plaintiff places his right of recovery upon no title derived through an assignment but as the representative of the pensioner herself and to reduce the same to possession as her estate. No authorities whatever were cited on the question of survival of causes of action.

The case of *Slade* v. *Slade, Executor,* 11 Cush. (Mass.) 466, also cited by the administrator, adds nothing to the decision in *Foot, Executor* v. *Knowles, supra.* In this case the situation was the reverse of the situation that existed in *Foot, Executor* v. *Knowles, supra,* that is, the arrears of pension had been paid to the executor of the deceased pensioner and one of his children sued for a part of it on the theory that it should have been paid to the chil-

dren instead of to the executor. In rejecting his claim the court cited no authority except *Foot, Executor* v. *Knowles, supra.*

3 Pomeroy's Eq. Jur., § 1275, states the rule with reference to survival of causes of action thus: "All things in action which survive and pass to the personal representatives of a decedent creditor as assets, or continue as liabilities against the representatives of a deceased debtor, are, in general, thus assignable; all of which do not thus survive, but which die with the person of the creditor or of the debtor, are not assignable. The first of these classes, according to the doctrine prevailing throughout the United States, includes all claims arising from contract express or implied, with certain well-defined exceptions; and those arising from torts to real or personal property, and from frauds, deceits, and other wrongs, whereby an estate, real or personal, is injured, diminished, or damaged. The second class embraces all torts to the person or character, where the injury and damage are confined to the body and the feelings; and also those contracts, often implied, the breach of which produces only *direct* injury and damage, bodily or mental, to the person, such as promises to marry, injuries done by the want of skill of a medical practitioner, contrary to his implied undertaking, and the like; and also those contracts, *so long as they are executory,* which stipulate solely for the special *personal* services, skill, or knowledge of a contracting party."

We find nothing in the authorities justifying a conclusion that the general rule that a cause of action created by statute does not survive unless there is a statute specifically providing for its survival and that a cause of action which is unassignable does not survive should not be applied in this case.

We accordingly hold that the cause of action, which it is admitted Awili Shaw had in her lifetime, did not survive.

The cause of action not having survived, her administrator cannot maintain an action to recover it. A judgment in favor of the board of trustees of said pension fund may be entered.

*E. Vincent* (Thompson, Wood & Russell with him on the briefs) for administrator.

*E. R. Bevins,* County Attorney of Maui (Wendell F. Crocket, Deputy County Attorney of Maui, with him on the briefs), for board of trustees.