THE CITY AND COUNTY OF HONOLULU, A MUNIC-
IPAL CORPORATION OF THE TERRITORY OF
HAWAII, MARK Y. MURAKAMI, AS A CITIZEN,
VOTER AND TAXPAYER OF THE CITY AND
COUNTY OF HONOLULU, ON HIS OWN BEHALF
AND OTHER CITIZENS, VOTERS AND TAX-
PAYERS OF THE CITY AND COUNTY OF HONO-
LULU, AND AS CHAIRMAN OF THE CIVIL
SERVICE COMMISSION OF THE DEPARTMENT
OF CIVIL SERVICE, CITY AND COUNTY OF
HONOLULU, TERRITORY OF HAWAII *v.* D.
RANSOM SHERRETZ.

No. 3077.

ARGUED OCTOBER 17, 1957.         DECIDED OCTOBER 25, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

In this case the City and County of Honolulu, plaintiff-appellant, alleged in its petition dated the 5th day of June, 1953, that the defendant-appellee, D. Ransom Sherretz, as director of personnel of the department of civil service of the City and County of Honolulu did on February 1, 1949, illegally certify for employment by the City and County one Kershner Clark Warford as a civil service worker in good standing; it further alleged that the defendant-appellee as such director had, in direct violation of civil service laws, rules and regulations, approved the said Kershner Clark Warford's salary payments from February 1, 1949 to June 25, 1949, in the amount of $2,232.11, and alleged that defendant-appellee was liable individually to the City and County of Honolulu in the sum of $2,232.11 by virtue of section 6545, Revised Laws of Hawaii 1945, and section 71, Revised Laws of Hawaii 1945, as amended by section 79, Act 301, Session Laws of Hawaii 1951, which make every officer who shall approve, allow or pay any demand on the treasury not authorized by law, personally liable for the amount of demands so illegally approved, allowed or paid, and the plaintiff prayed judgment against the defendant in the sum of $2,232.11, together with interest thereon.

Defendant filed a demurrer to the petition on the ground that it appeared from the petition that the statute of limitations had lapsed, but before there was a hearing and decision on the demurrer to the petition the defendant-appellee, D. Ransom Sherretz, died.

Lucy B. Sherretz was then duly appointed executrix of the last will and testament of the deceased defendant.

Thereafter, plaintiff made a motion for an order of substitution of parties and asked to substitute said executrix as party-defendant in place of Mr. Sherretz, basing such demand upon the ground that the claim of the plaintiff was not extinguished by his death.

After argument, the circuit judge ordered the motion denied and the petition herein dismissed. From this order an appeal and notice of appeal were duly filed.

There are two questions involved: (1) whether the statute of limitations had lapsed before the institution of the suit; and (2) whether the cause of action created by section 6545, Revised Laws of Hawaii 1945, and by section 71, Revised Laws of Hawaii 1945, as amended by section 79, Act 301, Session Laws of Hawaii 1951, survived the death of the party-defendant so that the circuit court must upon motion substitute the executrix of the deceased defendant in place of such defendant.

According to the petition the employee, whose hiring gave rise to the cause of action asserted by the City and County, was employed February 1, 1949, and this employment was terminated June 25, 1949, by the civil service commission of the City and County of Honolulu acting with full knowledge of the alleged irregularities and violations which had attended the employee's appointment and payments of salary.

The petition was filed June 5, 1953, almost four years after the termination of employment of Kershner Clark Warford. The demurrer was filed on the ground that the action was not commenced within the time limited by law, namely, the time limited by section 10424, Revised Laws of Hawaii 1945. This section sets forth a two-year statute of limitations on causes of action against public officials.

However, the motion on substituted parties was heard first and its disposition terminated the cause of action and the demurrer was not heard by the court below.

Does the cause of action survive the death of the defendant?

Chapter 204 of the Revised Laws of Hawaii 1945 provides for a substitution of parties upon the death of plaintiffs and defendants. Section 10084 provides in case of the death of a sole defendant or sole surviving defendant, *"where the action survives,"* the plaintiff may make a suggestion of death and require the executor or administrator to appear and defend. (Emphasis added.)

The question then is whether this is such a cause of action as will survive the death of a sole defendant.

The general rule of common law was that personal actions died with the person. This is particularly true where the damages sustained are personal in nature and do not affect property rights or interest. (1 R. C. L., § 22, p. 28.)

Unless specifically provided otherwise, statutes providing for the revival of pending actions embrace only actions where the cause of action would survive and have no reference to pending actions where the cause of action would not survive.

Such has been the construction of our own court. *Bishop* v. *Lokana,* 6 Haw. 556, held that an action of trespass *quare clausum fregit* abated upon the death of the plaintiff. In that case the executors suggested the death of the plaintiff and prayed that they might proceed in the suit to final judgment. Defendant moved that the appearance of the executors be set aside on the ground that the cause of action declared upon does not survive to the executors. The court stated: "The maxim applicable is *actio personalis moritur cum persona,* and is peculiarly applicable to actions in form *ex delicto*. Actions in tort, founded on malfeasance or misfeasance to the person or property of another, are annexed to the person and die with him, except where the remedy is given by statute to

the personal representatives. Broom's Legal Maxims, star page 706."

In *Alameda* v. *Spenser*, 34 Haw. 667, the court held that the assignability of the cause of action is a test of the survival.

It is obvious that section 6545, Revised Laws of Hawaii 1945, creates a penalty enforceable against the person of the defendant.

"A cause of action for the recovery of a penalty does not survive the death of the wrongdoer, being in its nature personal. Under the common law, actions qui tam on penal statutes are classified as actions ex delicto sounding in tort and come within the class of actions which do not survive." (1 Am. Jur., *Abatement and Revival*, § 128, p. 89.)

As stated in 1 Corpus Juris, *Abatement and Revival*, section 406, page 209: "In the absence of express statutory provisions to the contrary, actions and causes of actions for the recovery of statutory penalties do not survive, and in the case of a pending action the death of either party, plaintiff or defendant, is an incurable abatement. Such an action, although in form ex contractu, as in the case of an action of debt, is within the rule that personal actions die with the person."

Apparently appellant has confused a debt with an action of debt and concluded therefrom that the proceeding survives the death of the defendant-appellee because the form of the action to enforce the penalty against the defendant might be an action of debt. A penalty may be enforced against an obligor as an action of debt but it does not follow that a right to enforce such penalty survives the death of the wrongdoer.

In *Schreiber* v. *Sharpless*, 110 U. S. 76, it was held that the common-law rule to the effect that qui tam actions on penal statutes do not survive prevails in the Federal Courts

as to actions on penal statutes of the United States even in States where the statute of the State allows suits on state penal statutes to be prosecuted after the death of the offender. On page 80 the statement is made: "At common law actions on penal statutes do not survive (Com. Dig. tit. Administration, B. 15), and there is no act of Congress which establishes any other rule in respect to actions on the penal statutes of the United States. The right to proceed against the representatives of a deceased person depends not on forms and modes of proceeding in a suit, but on the nature of the cause of action for which the suit is brought. If the cause of action survives, the practice, pleadings, and forms and modes of proceeding in the courts of the State may be resorted to in the courts of the United States for the purpose of keeping the suit alive and bringing in the proper parties. Rev. Stat. § 914. But if the cause of action dies with the person, the suit abates and cannot be revived. *Whether an action survives depends on the substance of the cause of action, not on the forms of proceedings to enforce it.*" (Emphasis added.)

In *Davis* v. *State,* 119 Ind. 555, 557, 22 N. E. 9, the court said: "* * * by the common law the action was in the nature of a civil information for a debt, *qui tam* actions on penal statutes were nevertheless designated as actions *ex delicto,* sounding in tort, and were therefore within the common law maxim which declared that all personal actions were extinguished by the death of the tortfeasor. The common law rule prevails generally in the United States, and actions to recover penalties prescribed by statute can not be maintained against the personal representative of a deceased wrongdoer except in cases where the survivorship of such actions is controlled by statute."

Counsel has argued that the action is to recover moneys that the City and County has lost by paying to Kershner Clark Warford. No contention whatever is made that serv-

ices were not performed by the employee Warford for the City and County although he was not eligible for the appointment under the provisions of the civil service statute, and there is no contention that the defendant Sherretz received any benefit from his wrongful actions in approving payments to such employee.

In *United States* v. *Daniel et al.,* 47 U.S. 11, a portion of the syllabus states: "The rule respecting abatement is this:—If the person charged has received no benefit to himself at the expense of the sufferer, the cause of action does not survive. But where, by means of the offence, property is acquired which benefits the testator, there an action for the value of the property survives against the executor."

As the action does not survive, it will not be necessary for this court to pass upon the applicability of the statute of limitations.

Affirmed.

*Walter N. Heen,* Deputy City and County Attorney (*K. Tim Yee,* Deputy City and County Attorney on the briefs), for appellants.

*Robert G. Dodge* (*Heen, Kai, Dodge & Lum* on the brief) for appellee.