MITSUBA PUBLISHING CO., A Sole Proprietorship, and JOHN O'CONNOR, Plaintiffs-Appellants, *v.* STATE OF HAWAII, OFFICE OF CONSUMER PROTECTION and WALTER T. YAMASHIRO, Defendants-Appellees

NO. 6866

DECEMBER 23, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from an order granting a motion to dismiss. The sole ground specified is that the motion should not have been granted as to Defendant-Appellee Walter T. Yamashiro. The case essentially is one of defamation. Inasmuch as the State of Hawaii did not waive its sovereign immunity, neither the State nor the Office of Consumer Protection were proper parties to the action. Section 662-15(4), *Hawaii Revised Statutes* (HRS).

Since the taking of the appeal, the Defendant Walter T. Yamashiro has died in an airplane accident. Appellee has moved to dismiss the appeal on that ground. At common law, personal actions died with the person. *City & County of Honolulu v. Sherretz*, 42 Haw. 177 (1957). In 1955, the legislature provided for the survival of actions arising out of physical injury or death. Section 663-4, HRS. It did not provide for the survival of defamation actions. *Compare* § 663-7.

Appellants argue that § 634-61, *HRS*, which provides that the death of a plaintiff or defendant does not cause an action to abate but that it may be continued upon substitution of proper parties saves their case. That statute, however, is derived from Act 34 of the Laws of 1876. It was long ago stated:

> The Act of 1876 (Compiled Laws pp. 385-6) provides the method to be pursued in proceeding with an action

after the death of the plaintiff or defendant. But it seems to me from the language and intent of the Act that this procedure is only applicable to such actions as survive to the personal representatives of the deceased, that is, such actions as might originally be maintained by the executor or administrator.

*Bishop v. Lokana,* 6 Haw. 556, 557 (1885). The same result was reached in *Alameda v. Spenser,* 34 Haw. 667 (1938). Obviously, at common law, an action for defamation could not be commenced by a personal representative of a defamed decedent.

The defamation action against Defendant-Appellee Walter T. Yamashiro did not survive his death. Accordingly, we grant the motion to dismiss the appeal.

*Charles R. Kozak* for plaintiffs-appellants.

*R. Brian Tsujimura,* Deputy Attorney General, for defendants-appellees.