Rosemary WARE, Julianne Ware by her mother and next friend, Rosemary Ware

v.

GIFFORD MEMORIAL HOSPITAL.

Civ. A. No. 86–45.

United States District Court, D. Vermont.

July 23, 1987.

J. Eric Anderson, Fitts, Olson, Carnahan, Anderson & Bump, Brattleboro, Vt. and Richard M. Howland, Howland & Sheppard, P.C., Amherst, Mass., for plaintiff.

Richard A. Hull, Dick, Hackel & Hull, Rutland, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

On April 28, 1987, defendant Gifford Memorial Hospital filed with this Court a motion for partial summary judgment. Plaintiffs opposed the motion on June 8, 1987. In particular, defendant alleged that plaintiff Rosemary Ware's claims are barred by the statute of limitations and that defendant is entitled to judgment as a matter of law. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

This case involves a medical malpractice claim for injuries allegedly incurred by plaintiff Julianne Ware during a frank breech birth on June 20, 1979, as a result of which she suffers from cerebral palsy. The hospital is charged with failing to disclose all the risks to plaintiff Rosemary Ware, Julianne's mother, and with failing to provide adequately trained medical staff.[1] Plaintiff Rosemary Ware seeks compensation for the loss of consortium of her minor child. This motion pertains only to the claims of plaintiff Rosemary Ware.

## DISCUSSION

Defendant alleges that plaintiff's action is barred by the statute of limitations. It seeks summary judgment pursuant to Fed. R.Civ.P. 56(c), asserting that no genuine issue of material fact exists and that defendant is entitled to judgment as a matter of law.

The statute of limitations applicable to this action is 12 V.S.A. § 521, which provides that

actions to recover damages for injuries to the person arising out of any medical

---

1. This action was originally brought against Dr. Thurmond Knight and Dr. Roland Gadway, as well as Gifford Memorial Hospital. The com- plaint against the two doctors has been dismissed; only the hospital is involved here.

or surgical treatment or operation shall be brought within three years of the date of the incident or two years from the date the injury is or reasonably should have been discovered, whichever occurs later, but not later than seven years from the date of the incident.

12 V.S.A. § 521. This statute codifies the common law discovery rule that a plaintiff's recovery is not barred by the limitations statute if the plaintiff could not reasonably have discovered the injury within the time period. The statute goes on to provide that a plaintiff's right to recover damages shall not be limited "where fraudulent concealment has prevented the patient's discovery of the negligence," *id.*, but plaintiff has not raised any issue of fraudulent concealment here.

Julianne's birth occurred on June 20, 1979, and her injuries were apparent immediately. Within months of the birth, plaintiff approached Dr. Knight about the injuries and their cause. As a result, defendant argues that plaintiff discovered, or at the very least reasonably should have discovered, the injury in 1979, and therefore the statute of limitations ran in 1982, long before the filing of this action in 1986. Plaintiff argues that she did not discover, and could not reasonably have discovered, the hospital's involvement in the matter until she took the depositions of the two doctors in 1986;[2] therefore, she asserts, the statute of limitations did not begin to run until that time.[3]

The primary issue for determination concerns at what point plaintiff discovered or reasonably should have discovered the injury. In this case, as in many others, the crucial factor is what constitutes "the injury." Plaintiff admittedly knew of her child's injuries when the child was born. Is that sufficient knowledge to start the limitations statute running, or must she have some knowledge of the cause of the harm or of her legal rights? The U.S. Supreme Court in a Federal Tort Claims Act (FTCA) case held that the statute of limitations begins to run when a medical malpractice plaintiff discovers or should discover the injury *and* its cause, but does not wait for the plaintiff to discover his legal rights. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). The Court was "unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment." *Id.* at 122, 100 S.Ct. at 359. The Court suggested that once a patient knows he has been injured, the patient can seek additional clarification of his legal rights, while if he is unaware of the injury in the first place, he obviously cannot. Further, "[t]o excuse him from promptly [seeking advice in the medical and legal community] by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government." *Id.* at 123, 100 S.Ct. at 360.

Lower courts interpreting *Kubrick* have not considered it the final word on medical malpractice limitations statutes. Instead, they have construed the Court's holding to be limited to the context of the FTCA, an act whose explicit purpose is to provide a narrow exception to the sovereign immunity doctrine. See, e.g., *Bussineau v. President & Directors of Georgetown College,* 518 A.2d 423 (D.C.1986); *Cain v. United States,* 643 F.Supp. 175 (S.D.N.Y.1986). The majority of state courts that have addressed the issue of what knowledge the plaintiff must have before the limitations period begins to run have rejected *Kubrick* and have determined that the limitations period begins to run when the plaintiff discovers, or in the exercise of due diligence reasonably should discover, her

---

**2.** In their depositions Drs. Knight and Gadway admit that neither was qualified to perform caesarean section surgery, nor was a qualified doctor on the hospital premises at the time. Plaintiff asserts that these statements were her first knowledge of the hospital's alleged negligence, although she had suspected its involvement and thus included it as a defendant in this action.

**3.** The suit was filed within the seven year discovery time limit of 12 V.S.A. § 521.

cause of action against the defendant. See cases cited in *Bussineau*, 518 A.2d 423.

■ The Vermont Supreme Court has not adopted any position on this issue. In *Union School District v. Lench*, 134 Vt. 424, 427, 365 A.2d 508 (1976), the Court indicated that it may not require causation, but it expressed no definite opinion on the issue. Also, the *Lench* decision predates the adoption by statute of the discovery rule in 1977. Therefore, we believe that were the Vermont Supreme Court to consider the issue today it would follow the majority rule and begin the running of the statute of limitations only when a plaintiff discovers or reasonably should discover the injury, its cause, and the existence of a cause of action.

This cause of action standard is particularly appropriate in medical malpractice actions. Doctors hold a special confidential relationship to their patients and possess certain expertise on which the patients are entitled to rely. It would be distasteful for the law to require every patient to question immediately every action by a doctor that results in injury or does not turn out to the patient's liking and then to file a perhaps meritless case merely to preserve possible legal rights. Instead, the law should recognize that a point arises at which a reasonable person should be able to ascertain that her legal rights have been violated. At that point the statute of limitations should commence.

This is not to say that plaintiffs may sleep on their rights. The statute of limitations is designed to cut off otherwise valid claims to prevent prejudice to defendants from plaintiffs who refuse to recognize or act on their legal rights. The standard we are adopting requires a plaintiff to discover her rights within the time that a reasonable person in her situation would so discover. Therefore, the plaintiff who unreasonably closes her eyes to her rights risks the barring of her recovery, but the plaintiff who cannot discover her legal cause of action for some reason is not unjustifiably cut off.

Having determined that the statute of limitations begins to run only when the plaintiff discovers or reasonably should dis-cover his cause of action, we now must apply that standard to this case. Generally, the determination of when a plaintiff actually discovered or reasonably should have discovered his injury is a factual determination for the jury. See, e.g., *Bussineau*, 518 A.2d 423; *Jacoby v. Kaiser Found. Hosp.*, 1 Haw.App. 518, 622 P.2d 613 (1981); *Ohler v. Tacoma General Hosp.*, 92 Wash. 2d 507, 598 P.2d 1358 (1979). Therefore, summary judgment should be denied in this case unless no reasonable factfinders could differ on the outcome. Here, we find that there is no material factual dispute and that no reasonable factfinders could differ in finding for defendant.

■ Plaintiff questioned Dr. Knight about the circumstances surrounding her child's birth, including why a caesarean section was not performed, in 1979. As a matter of law, we find that a reasonable person should have discovered her cause of action at this time or soon after. Certainly, plaintiff has not provided any reason why the rights she did not discover in 1979 became so clear when she filed suit in 1986. Her explanation that she discovered the hospital's liability after deposing the doctors does not hold water, as she had already filed suit against the hospital before the depositions. Plaintiff has not indicated that she received any information in 1986 that prompted her to recognize her right to sue the hospital and that had not been available to her in 1979. In other words, plaintiff has posited no reasonable explanation for not pursuing her legal and medical remedies in 1979. She was aware of the injuries and that a caesarean had not been performed, and perhaps should have been performed, and, therefore, she was on notice that she might have legal and medical rights she should explore. To fail under these circumstances to explore the possibility of a legal remedy at that time was unreasonable, and for that reason plaintiff's action is barred.

In noting the plaintiff's failure to present explanations, we do not intend to imply that plaintiff bears the burden of proving her case. Indeed, on a motion for summa-

ry judgment we draw all inferences in favor of the nonmoving party. However, once the moving party has come forward with evidence showing that no material factual dispute exists and it is entitled to judgment as a matter of law, the nonmoving party must respond with some showing to the contrary. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This, plaintiff has failed to do.

In sum, the Court finds that plaintiff Rosemary Ware discovered or reasonably should have discovered her injury in 1979. As the applicable statute of limitations period concluded in 1982, the plaintiff's current action, commenced in 1986, is time-barred. Defendant's motion for summary judgment on plaintiff Rosemary Ware's claim, (Count IV) is therefore GRANTED.

SO ORDERED.