**Ulla Anderson KAUFFMAN,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**Civ. A. No. 5:93–235.**

United States District Court,
D. Vermont.

July 11, 1994.

---

Arthur P. Anderson, Saxer, Anderson, Wolinsky and Sunshine, Burlington, VT, for plaintiff.

Richard H. Wadhams, Jr., Pierson, Wadhams, Quinn and Yates, Burlington, VT, for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

Defendant moves for summary judgment on plaintiff's claims for uninsured motorist benefits, pursuant to Fed.R.Civ.P. 56(b). Plaintiff moves to strike defendant's affirmative defenses, or in the alternative, for partial summary judgment on those defenses, pursuant to Fed.R.Civ.P. 56(a). Both parties filed opposition. Plaintiff also moved to enlarge time to file a motion to compel arbitration. The Court will consider these motions in turn.

### Factual Background

Plaintiff was injured in an automobile accident on December 13, 1986, when a vehicle owned and operated by Prakash Sooknanan rear-ended her vehicle. At the time of the accident, plaintiff was insured by State Farm Mutual Automobile Insurance Company ("State Farm") under a comprehensive policy which included uninsured motorist ("UM") coverage. Defendant made payments to plaintiff for property damage, lost wages and medical expenses until December 13, 1989, when it informed her that no further benefits were available.

Although plaintiff retained counsel on April 29, 1987, counsel failed to file suit against Sooknanan within the three-year statute of limitations governing personal injury actions.[1] Plaintiff learned on February 11, 1993, that Sooknanan was underinsured, and on March 25, 1993 filed a claim against State Farm for UM benefits. State Farm denied the claim on May 4, 1993, asserting that plaintiff's claim was time barred, and this action followed on June 10, 1993.

---

1. Plaintiff subsequently sued her attorney for malpractice in state court. *Kauffman v. Blais,* Chittenden Superior Court, Docket No. S870-92 CnC.

### Discussion

Summary judgment is appropriate when the Court finds that there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The party opposing summary judgment must present "significant probative evidence" demonstrating that a genuine dispute of material fact exists, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ In its first affirmative defense, defendant argues that plaintiff's action is barred either by the three-year statute of limitations governing personal injury claims, 12 V.S.A. § 512, or by the six-year statute of limitations governing civil actions. 12 V.S.A. § 511. The Court finds that the six-year statute of limitations is the proper statute of limitations governing plaintiff's action because plaintiff's claim arises out of her insurance contract. *Accord, Ayers v. State Farm*, 558 N.E.2d 831 (Ind.Ct.App.1990); *Safeco Ins. Co. v. Barcom*, 112 Wash.2d 575, 773 P.2d 56 (1989); *Young v. Greater Portland Transit*, 535 A.2d 417 (Me.1987).

■ The Court must now determine whether Section 511 bars plaintiff's action. Section 511 provides that a civil action must be commenced within six years after the cause of action accrues. 12 V.S.A. § 511. Although traditionally a cause of action in contract was deemed to accrue at the time of breach, *Alexander v. Morrissey*, 137 Vt. 20, 399 A.2d 503 (1979), the recent trend adopted by Vermont courts dictates that the cause of action does not accrue until the plaintiff discovers both the injury and its cause. *Lillicrap v. Martin*, 156 Vt. 165, 173–76, 591 A.2d 41 (1991); *see also University of Vermont v. W.R. Grace & Co.*, 152 Vt. 287, 290–91, 565 A.2d 1354 (1989) (applying expanded discovery rule to § 511 as well as § 512). In order

to discover her legal injury for statute of limitations purposes, a plaintiff is allowed the same period of time that a reasonable person in her situation would have required to make the discovery. *Ware v. Gifford Memorial Hospital*, 664 F.Supp. 169, 171 (D.Vt.1987).

Plaintiff asserts that her claim did not arise until May 4, 1993, when defendant breached its insurance contract by refusing to pay UM benefits under plaintiff's policy. Defendant contends that plaintiff's injury accrued either on December 13, 1986, the date of the accident when the injury was self-evident, or on December 13, 1989, the date defendant informed plaintiff that her policy benefits had terminated.

■ Generally, the determination of when a plaintiff actually discovered or reasonably should have discovered the injury is a factual question usually reserved for the jury. *Id.* However, the parties having briefed the issue adequately, and there being no genuine dispute of material fact, the Court finds as a matter of law that no reasonable factfinder could differ as to the result.

■ Applying the *Ware* standard to the present case, the Court finds that plaintiff reasonably should have discovered Sooknanan's underinsured status and her consequent right to obtain UM benefits under her own policy shortly after retaining legal counsel in April of 1987.[2] A reasonable attorney would have ascertained the limits of Sooknanan's liability policy approximately within two months of retention. Thus plaintiff should have known, through her attorney, by June 29, 1987, that she would have to claim UM benefits against State Farm in order to receive full compensation. Plaintiff having filed her claim on June 10, 1993, within the six-year period of limitations, the Court concludes that plaintiff's action was timely commenced.

■ As to defendant's second and third affirmative defenses alleging failure to provide information concerning the accident and

---

2. The Court declines to use the date of breach as the date of accrual because plaintiff could control commencement of the limitations period by choosing when to file her claim. This result would prejudice defendants and frustrate the purpose of the statute of limitations, which is to protect defendants and the judicial system from stale but otherwise valid claims. *Ware v. Gifford*, 664 F.Supp. at 171.

failure to protect State Farm's subrogation rights, the Court finds there are material issues remaining.

There being genuine issues of material fact still in dispute, the Court hereby DENIES plaintiff's and defendant's motions for summary judgment. As to plaintiff's motion to strike, the Court GRANTS it in part and DENIES it in part. Defendant's first affirmative defense is hereby DISMISSED. Defendant's second and third affirmative defenses remain.

As to plaintiff's motion to enlarge time to file a motion to compel arbitration, the Court deems the motion premature and declines to rule on it at the present time.

SO ORDERED.