Shedd v. Guerra, No. S0863-01 CnC (Katz, J., Oct. 18, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                  SUPERIOR COURT
Chittenden County, ss.:                           Docket No. S0863-01 CnC

SHEDD

v.

GUERRA

ENTRY

Podiatrist Guerra, has renewed his motion for summary judgment arguing that plaintiff Joan Shedd's complaint of medical malpractice was filed too late under the statute of limitations as a matter of law.  Shedd opposes this motion claiming: 1) that our previous entry on this issue controls; and 2) that she could not have reasonably discovered her injuries until March 2001.

Shedd's toe problems began around September 1993. She started treating with Guerra who treated her until September 29, 1997 when he referred her to a dermatologist. The dermatologist diagnosed Shedd's problem as Bowen's Disease, a rare form of toe cancer. In March 1998 Shedd went to Dartmouth Hitchcock Medical Center for further tests. The Center determined that her toe cancer was a "very advanced form" and required a partial amputation. On April 21, 1998, a plastic surgeon performed the surgery removing the diseased section of Shedd's toe. Shortly thereafter, in the summer of 1998, Shedd contacted counsel to investigate her legal options. In March 2001, she received an expert opinion from a podiatrist that linked Guerra's failure to diagnose with the loss of her toe. On July 13, 2001, Shedd commenced this action against Guerra.

The statute of limitations for medical malpractice bars claims filed more than two years after the date that the injury should have been discovered. 12 V.S.A. § 521. In this case, the question is should Shedd have discovered her injuries at any time before July 13, 1999—two years prior to commencing this action. We note that injury in this sense means "legal injury," which is knowledge not only of the physical injury but the possibility of negligence. Lillicrap v. Martin, 156 Vt. 165, 175–76 (1989). While the question of when an injury should have been discovered is usually a question of fact for the jury, id. at 172, it is a proper for summary judgment if a reasonable factfinder must come to only one conclusion Ware v. Gifford Med. Ctr., 664 F. Supp. 169, 171 (D. Vt. 1987), cited with approval, Lillicrap, 156 Vt. at 173–75.

In this case the undisputed facts show that Shedd was aware of her toe cancer in the fall of 1997. By March 1998, she was also aware that this was an advanced case and that amputation was necessary. Coupled with the

fact that Guerra had treated this toe for the previous four years, this knowledge demonstrates that Shedd was aware of her injury and aware that her podiatrist had not diagnosed it. This put Shedd on notice of both her injuries and Guerra's liability. Cf. Ware, 664 F. Supp. at 171 (statute triggered when plaintiff was aware of injury and fact that alternative steps had not been taken). A conclusion supported by Shedd's consultation with legal counsel shortly after surgery. To say that Shedd still needed to trace the causative elements of her claim, whether earlier treatment would have saved her toe, belies the fact that Shedd was not required to perfect her legal theories or create an "airtight" case prior to filing. Rodrigue v. VALCO Entrs., Inc., 169 Vt. 539, 541 (1999) (mem.). As of 1998, Shedd had and was aware of all the evidence she has now of Guerra's liability. The sole addition of an expert's opinion does nothing more than strengthen those already known facts. To extend the running of § 521 merely because Shedd delayed her contact with an expert would allow her to circumvent the purpose of § 521, which puts a time limit on causes of action when plaintiffs have constructive knowledge. By the summer of 1998, Shedd should have been aware of her legal injury, and § 521 began running. By delaying until July 13, 2001, Shedd filed after her cause of action had expired.

Shedd's second argument against summary judgment goes to this court's earlier denial of Guerra's prior motion. On September 3, 2002, Judge Teachout denied Guerra's first motion for summary judgment based on § 521. This essentially was the same motion that Guerra presently urges. Judge Teachout wrote a brief explanation of her decision on the bottom of a motion reaction form: "The date on which the claimed injury was or 'reasonably should have been discovered' cannot be established as an undisputed fact based on the affidavits filed by the parties. Further facts are needed to determine whether date referred to in 12 VSA § 521 means

'physical injury' or 'legal injury.'" Shedd argues that the "law of the case" requires that we not revisit this earlier ruling.

The "law of the case' doctrine has never been a hindrance to courts seeking to revisit or revise earlier decisions in a case before final judgment. Morrisseau v. Fayette, 164 Vt. 358, 364 (1995). Where proper, judges are authorized to revisit previous rulings to allow for "efficient adjudication." Id. Shedd's argument goes more properly to whether a court can revisit a decision by a previous judge when none of the facts have changed and the essential issue of law is the same. Morrisseau suggests that a judge can revisit a prior decision if there is not a final judgment and that a judge should not be bound by a prior decision if circumstances require a different result. Id. at 362–63. The scope of this power was further clarified: "There is no language in Morrisseau that purports to limit the successor judge's reconsideration authority to prior denials of summary judgment as opposed to prior grants thereof." Myers v. LaCasse, 2003 VT 86, ¶ 12.

The major concern with succeeding judges revisiting earlier decisions is the possibility that parties, frustrated by an outcome, will delay cases so that they can re-file in front of more sympathetic judges. This concern must be balanced with respect to the stronger concern that judges be free to make proper adjudications and not be bound by prior decisions of law that may be in error. Morrisseau, 164 Vt. at 363–64. Guerra's first motion for summary judgment came within a year after the case was filed and discovery had only begun. Judge Teachout's denial of summary judgment is far from final and put parties on notice that the facts were in question and more discovery would be permitted.

Two years later, discovery is completed. Both sides argue the same facts, but unlike before, this case is now on the verge of trial. Unlike before,

where there was substantial room for discretion to permit discovery to progress, we are now confronted with plaintiff's upcoming burden of proof. Under these circumstances, Shedd's lack of additional evidence explaining her delay in filing and Guerra's further briefing on the standards of "legal injury" tip the scale toward summary judgment. As we have noted, the facts as they stand today, in respect to the parties' burdens, make clear that Shedd was on notice of her injury and Guerra's potential malpractice. Without further facts, there is nothing for a jury to decide. The logic of denying summary judgment merely because of the earlier entry would require us to defer ruling until time to direct a verdict for defendant at trial. Indeed, plaintiff's logic would suggest that even such a different procedural posture does not permit a different substantive decision. This would be exactly the kind of "roundabout way" of coming to a decision because of a prior entry that <u>Morrisseau</u> warned against. <u>Id</u>. at 363.

Finally, Shedd offers no evidence that Guerra has delayed the case in order to get a favorable re-hearing of his earlier motion or that there is any practical reason not to revisit the issue. We do not make this decision lightly, nor do we question the prior ruling, which appears to have been the proper one for the time and disposition of the case. At the same time, we are not bound to this decision where time and the lack of later-discovered facts have given us reason to reconsider the facts and burdens involved in defendant's argument.

Therefore, based on the foregoing, defendant Guerra's motion for summary judgment is granted. Case is dismissed.

Dated at Burlington, Vermont_____, 2004.

_____
Judge