**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000776**
**07-NOV-2022**
**07:56 AM**
**Dkt. 56 MO**

NO. CAAP-18-0000776

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LILLIAN M. JONES, M.D., Plaintiff-Appellant,
v.
HAWAI'I MEDICAL BOARD, AHLANI K. QUIOGUE, EO, CONSTANCE I.
CABRAL, EO, Defendants-Appellees,
and
JOHN DOES 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC151001958)


### MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellee Hawai'i **Medical Board** examines applicants for a license to practice medicine or surgery; it is under the administrative control of the director of the Hawai'i Department of Commerce and Consumer Affairs.[1] Self-represented Plaintiff-Appellant Lillian M. **Jones** appeals from the **Final Judgment** in favor of the Medical Board and two of its officers, Defendants-Appellees Ahlani K. **Quiogue** and Constance I. **Cabral** (the **Officers**), entered by the Circuit Court of the First Circuit on September 11, 2018.[2] For the reasons explained below, we affirm the Final Judgment.

---

[1] See Hawaii Revised Statutes (**HRS**) §§ 453-5(a); 453-5.1; 436B-7(2); and 26-9(c).

[2] The Honorable James H. Ashford presided.

## PROCEDURAL HISTORY

Jones filed the action below on October 8, 2015. She alleged that the Medical Board provided false information about her competence as a physician to the National Practitioner Data Bank.[3] She filed an amended complaint on April 8, 2016. Her amended complaint alleged counts for: (1) violation of the federal Health Care Quality Improvement Act; (2) libel; (3) defamation; and (4) tortious interference with prospective business advantage.

The Medical Board filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. The motion was heard on March 8, 2017.[4] The circuit court granted the motion.[5]

The Officers filed a motion for summary judgment. The motion was heard on December 20, 2017.[6] The circuit court granted the motion.

The Final Judgment was entered on September 11, 2018. This appeal followed. Jones contends that the circuit court erred by granting the Medical Board's motion for judgment on the pleadings and the Officers' motion for summary judgment.[7]

---

[3] The National Practitioner Data Bank (NPDB) is a web-based repository of reports containing information on medical malpractice payments and certain adverse actions related to health care practitioners, providers, and suppliers. Established by Congress in 1986, it is a workforce tool that prevents practitioners from moving state to state without disclosure or discovery of previous damaging performance. See About Us, NPDB National Practitioner Data Bank, https://www.npdb.hrsa.gov/topNavigation/aboutUs.jsp (last visited Nov. 2, 2022).

[4] The record on appeal does not contain a transcript of the hearing.

[5] The Honorable Rhonda A. Nishimura presided.

[6] The Honorable James H. Ashford presided.

[7] The opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure. Because Jones is self-represented, we interpret her brief liberally and address the arguments we are able to discern. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (instructing that self-represented litigants should not automatically be foreclosed from appellate review because they fail to comply with court rules).

## STANDARDS OF REVIEW

An order granting a Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(c) motion for judgment on the pleadings is reviewed de novo. In re Off. of Info. Pracs. Op. Letter No. F16-01, 147 Hawaiʻi 286, 294, 465 P.3d 733, 741 (2020).

> In a motion for judgment on the pleadings under HRCP Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.
>
> Our task on appeal is to determine whether the circuit court's order supports its conclusion that the movant is entitled to judgment as a matter of law and, by implication, that it appears beyond a doubt that the nonmoving party can prove no set of facts in support of its claim that would entitle it to relief under any alternative theory.

Id. (cleaned up).

An order granting summary judgment is also reviewed de novo. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Id. at 342, 418 P.3d at 1198. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. Id.

## DISCUSSION

### I.   The Medical Board's Motion

The Medical Board made three legal arguments: (1) there is no private cause of action for alleged violation of the Health Care Quality Improvement Act; (2) Jones's tort claims are barred by sovereign immunity; and (3) Jones's libel and defamations claims are precluded by a judgment in a previous lawsuit.

3

### A. The Health Care Quality Improvement Act did not create a private cause of action.

The federal Health Care Quality Improvement Act:

> was enacted in 1986 to improve the quality of medical care by restricting the ability of physicians who have been found to be incompetent from repeating this malpractice by moving from state to state without discovery of such finding. Toward this end, the Act establishes a national reporting system "to follow bad doctors from place to place," and provides immunity from damages for persons participating in professional review activities. Under the national reporting system, insurance companies are required to report medical malpractice payments to the Secretary of Health and Human Services; boards of medical examiners are required to report sanctions imposed against physicians; and health care entities are required to report adverse professional review information. The Act also imposes a duty on hospitals to obtain information reported about any physician who applies for hospital privileges or employment, and to update such information every two years after hospital privileges are granted.

Imperial v. Suburban Hosp. Ass'n, 37 F.3d 1026, 1028 (4th Cir. 1994) (citations omitted). The Health Care Quality Improvement Act did not create a private right of action for persons who are the subjects of required reports. See, e.g., Held v. Decatur Mem'l Hosp., 16 F. Supp. 2d 975, 977 (C.D. Ill. 1998) (citing Bok v. Mut. Assurance, Inc., 119 F.3d 927, 929, reh. denied, 132 F.3d 1462 (11th Cir. 1997), cert. denied, 523 U.S. 1118, 118 S.Ct. 1796, 140 L. Ed. 2d 937 (1998), and other cases). Jones cites no case holding to the contrary, and we have found none. The circuit court correctly ruled, as a matter of law, that "there is no private cause of action available to [Jones] under" the Health Care Quality Improvement Act.

On appeal, Jones argues that a private cause of action should be implied because:

> Under [Health Care Quality Improvement Act] 42 U.S.C. §[ ]11111(a) when a professional review body meets the four statutory requirements prescribed in 42 U.S.C.A. §[ ]11112(a) (West 2005), it is immune from damages.

Jones's argument lacks merit for three reasons.

The Hawaiʻi Supreme court has stated:

> In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose especial benefit the statute was enacted; that is, does the statute create a right in favor of the plaintiff?

Flores v. Logan, 151 Hawaiʻi 357, 368, 513 P.3d 423, 434 (2022) (cleaned up). Doctors who are the subjects of reports to the National Practitioner Data Bank are not within the class of persons the Health Care Quality Improvement Act was enacted to benefit. See Imperial, 37 F.3d at 1028 (noting that "the Act establishes a national reporting system 'to follow bad doctors from place to place[.]'").

Second, 42 U.S.C. §§ 11111 and 11112 provide qualified immunity to professional review bodies "[t]o assure that hospitals and doctors cooperate with the system and engage in meaningful professional review[.]" Imperial, 37 F.3d at 1028. 42 U.S.C. § 11101 (1986) provides that persons participating in professional review activities that meet the standards imposed by 42 U.S.C. § 11112 "shall not be liable in damages **under any law of the United States or of any State** (or political subdivision thereof)" with respect to the person's participation in such activities. (Emphasis added.) The Health Care Quality Improvement Act provides mandated reporters with qualified immunity from liability **under other federal or state laws**; it does not create a new private cause of action.

Third, 42 U.S.C. § 11101 does not apply to the Medical Board. It applies only to a "professional review body" and its members, staff, persons under a contract or other formal agreement with it, and persons who participate with or assist it.

> The term "professional review body" means a health care entity and the governing body or any committee of a health care entity which conducts professional review activity, and includes any committee of the medical staff of such an entity when assisting the governing body in a professional review activity.

42 U.S.C. § 11151(11) (1986).

5

> The term "health care entity" means, in relevant part:
>
> (i)  a hospital that is licensed to provide health care services by the State in which it is located,
>
> (ii)  an entity (including a health maintenance organization or group medical practice) that provides health care services and that follows a formal peer review process for the purpose of furthering quality health care (as determined under regulations of the Secretary), and
>
> (iii) . . . a professional society (or committee thereof) of physicians or other licensed health care practitioners that follows a formal peer review process for the purpose of furthering quality health care (as determined under regulations of the Secretary).

42 U.S.C. § 11151(4)(A) (1986).  The Medical Board is not a "professional review body" as defined by the Health Care Quality Improvement Act.

### B.    Jones's tort claims are barred by sovereign immunity.

By the State Tort Liability Act, Hawaii Revised Statutes (**HRS**) Chapter 662, the State generally waived its sovereign immunity for the torts of its employees.  HRS § 662-2 (2016).  However, the waiver does not apply to:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel*, slander, misrepresentation, deceit, or *interference with contract rights*[.]

HRS § 662-15(4) (2016) (emphasis added).  The exception also applies to claims for defamation.  Mitsuba Publ'g Co. v. State, 1 Haw. App. 517, 517, 620 P.2d 771, 772 (1980).

Jones's opening brief presents no discernible argument that the circuit court erred by applying HRS § 662-15(4).  The point is waived.  Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7); Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 478, 164 P.3d 696, 736 (2007) ("an appellate court is not obliged to address matters for which the appellant has failed to present discernible arguments.").  Even if an argument had been presented, the statutory language is clear.  The circuit court

did not err by ruling as a matter of law that Jones's claims for libel, defamation, and intentional interference with prospective business advantage were "barred by sovereign immunity, which is retained by [the Medical Board] under [HRS] § 662-15(4)."

### C. We need not decide whether issue preclusion barred Jones's claims for libel and defamation.

Jones contends that the circuit court erred by ruling that her libel and defamations claims were precluded by a judgment in a previous lawsuit.[8]  The circuit court's order stated:

> Although *the Court does not rely on this basis in issuing its ruling*, [Jones's] libel, defamation, and intentional interference with prospective business relations claims are also barred by collateral estoppel arising out of the operation of the Final Judgment entered in favor of Defendant Hawai'i Medical Board and against [Jones] in Civil No. 10-1-2238-10 KTN.

(Emphasis added.)  As explained above, Jones's tort claims against the Medical Board were barred by sovereign immunity.  We need not decide whether the doctrines of claim or issue preclusion also applied to those claims.

### II. The Officers' Motion

After the circuit court entered the order granting the Medical Board's motion for judgment on the pleadings, the Officers moved for summary judgment based on <u>Medeiros v. Kondo</u>, 55 Haw. 499, 522 P.2d 1269 (1974).  In <u>Medeiros</u> the supreme court declined to adopt a rule that nonjudicial government officers[9] were absolutely immune to suits for damages arising out of the performance of their public function.  <u>Id.</u> at 500-01, 522 P.2d at 1270.  Instead, the court adopted a rule of qualified immunity,

---

[8]     <u>Jones v. Hawaii Board of Medical Examiners</u>, JIMS no. 1CC101002238.

[9]     Hawai'i recognizes absolute immunity for judicial officers, <u>State v. Taylor</u>, 49 Haw. 624, 631, 425 P.2d 1014, 1019 (1967), and for legislators exercising their legislative functions, <u>Greer v. Baker</u>, 137 Hawai'i 249, 255, 369 P.3d 832, 838 (2016) (citing Haw. Const. art. III, § 7).

placing upon the "plaintiff the burden of adducing clear and convincing proof that defendant was motivated by malice and not by an otherwise proper purpose."  Id. at 504, 522 P.2d at 1272.

## A.    Constance I. Cabral.

Cabral submitted a declaration stating: "At no time relevant to this case have I held any malice toward the Plaintiff Lillian M. Jones."  Jones submitted no evidence to controvert Cabral's testimony.  Jones offered a copy of the Medical Board's report to the National Practitioner Data Bank, but Cabral's name does not appear on the report and there is no evidence in the record about what role, if any, Cabral had in preparing or submitting the report.  The circuit court did not err in granting summary judgment to Cabral.

## B.    Ahlani K. Quiogue.

Quiogue submitted a declaration stating: "At no time relevant to this case have I held any malice toward the Plaintiff Lillian M. Jones."  The burden then shifted to Jones to "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial."  Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (citations omitted).

The Medical Board's report indicates that Quiogue was the person who transmitted it to the National Practitioner Data Bank.  The report stated:

> ON SEPTEMBER 8, 2006, THE HAWAII MEDICAL BOARD (FORMERLY KNOWN AS THE BOARD OF MEDICAL EXAMINERS) ("BOARD") DENIED DR. JONES'S APPLICATION BASED ON HER CONDUCT AT THE PEDIATRIC CONTINUITY CARE CLINIC ON APRIL 1, 2004, THE ENSUING ACTION(S) TAKEN AGAINST HER BY THE HAWAII RESIDENCY PROGRAMS, INC., TRIPLE BOARD RESIDENCY TRAINING PROGRAM, AND THE VIOLATIONS OF THE CONDITIONS OR LIMITATIONS UPON WHICH A LIMITED OR TEMPORARY LICENSE IS ISSUED.  ON JULY 31, 2007 DR. JONES SUBMITTED A REQUEST FOR RECONSIDERATION TO THE BOARD.  ON AUGUST 10, 2007 THE BOARD BOARD [sic] VOTED TO AFFIRM ITS DECISION TO DENY HER APPLICATION.  A HEARING WAS CONVENED ON JANUARY 23, 2008.  THE HEARINGS OFFICER CONCLUDED THAT DR. JONES' ACTIONS IN THE APRIL 1, 2004 INCIDENT AMOUNTED TO PROFESSIONAL MISCONDUCT, HAZARDOUS NEGLIGENCE, INCOMPETENCE, AND CONSTITUTED A SUFFICIENT BASIS FOR THE DENIALS OF HER LICENSE APPLICATION.  THE HEARINGS OFFICER RECOMMENDED THAT THE BOARD AFFIRM ITS DENIAL OF

DR. JONES' APPLICATION FOR A MEDICAL LICENSE.  PURSUANT TO
THE FINAL ORDER APPROVED BY THE BOARD ON AUGUST 8, 2008, THE
BOARD ADOPTED THE HEARINGS OFFICER'S RECOMMENDED DECISION AS
ITS FINAL ORDER AND AFFIRMED ITS DENIAL OF DR. JONES'
APPLICATION FOR A MEDICAL LICENSE.

As noted above, a plaintiff maintaining a tort claim against a public official who is entitled to qualified immunity has the burden of proving, by clear and convincing evidence, that the public official "was motivated by malice and not by an otherwise proper purpose." Medeiros, 55 Haw. at 504, 522 P.2d at 1272.  Here, regardless of the propriety of the Medical Board's decision, Quiogue's submission of that decision to the National Practitioner Data Bank does not constitute evidence that Quiogue was motivated by malice.  Nor is there any other evidence in the record that Quiogue was motivated by malice.  Thus, the circuit court did not err in granting summary judgment to Quiogue.

## CONCLUSION

Based upon the foregoing, the "Final Judgment in Favor of Defendants Hawaiʻi Medical Board, Ahlani K. Quiogue, EO, and Constance I. Cabral, EO, and Against Plaintiff Lillian M. Jones" entered by the circuit court on September 11, 2018, is affirmed.

DATED:  Honolulu, Hawaiʻi, November 7, 2022.

On the briefs:

Lillian M. Jones,
Self-represented Plaintiff-
Appellant.

Bryan C. Yee,
Shari J. Wong,
Mana Moriarty,
Deputy Attorneys General,
State of Hawaiʻi,
for Defendants-Appellees.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge