**Maurice L. RODRIGUE v. VALCO ENTERPRISES, INC., d/b/a Valley's Steak House and Renee C. Valley**

[726 A.2d 61]

No. 97-491

January 25, 1999. Plaintiff appeals the superior court's determination that his dram shop action was filed beyond the applicable limitations period. We affirm.

In the early evening hours of December 21, 1993, a driver rear-ended the car plaintiff was driving and left the scene of the accident without stopping. On February 14, 1994, following a police investigation of the accident, Peter Langmaid was arraigned on charges of (1) driving with a suspended license, fifth offense; (2) driving in a careless and negligent manner; and (3) leaving the scene of an accident. On March 19, 1996, plaintiff filed a complaint against VALCO Enterprises, Inc., d/b/a Valley's Steak House, and the business's owner, Rene C. Valley, alleging negligence, gross negligence, violation of Vermont's Dram Shop Act, 7 V.S.A. §§ 501-507, and fraudulent concealment. In October 1997, following a hearing, the superior court granted summary judgment to defendants, ruling that (1) plaintiff's dram shop claim accrued in February 1994, and thus was filed beyond the

Dram Shop Act's two-year limitations period; (2) any fraudulent concealment on the part of Rene Valley did not toll the limitations period after the dram shop claim had accrued; and (3) the Dram Shop Act preempted plaintiff's common law negligence claims. On appeal, plaintiff argues that the court erred in dismissing his complaint because (1) his dram shop claim did not accrue until the fall of 1994 when he learned that Langmaid was overserved intoxicating liquor at Valley's Steak House; (2) Rene Valley's fraudulent concealment of the dram shop cause of action tolled the limitations period; and (3) the Dram Shop Act did not preempt his common law claims.

An action to recover damages under the Dram Shop Act "shall be commenced within two years after the cause of action accrues, and not after." 7 V.S.A. § 501(d). Injuries to the person are generally "deemed to accrue as of the date of the discovery of the injury." 12 V.S.A. § 512(4). At least in the context of professional malpractice cases, we have construed the "discovery rule" to commence the running of the statute of limitations "'only when a plaintiff discovers or reasonably should discover the injury, its cause, and the existence of a cause of action.'" *Lillicrap v. Martin*, 156 Vt. 165, 176, 591 A.2d 41, 47 (1989) (quoting *Ware v. Gifford Mem'l Hosp.*, 664 F. Supp. 169, 171 (D. Vt. 1987)); cf. *Graham v. Canadian Nat'l Ry.*, 749 F. Supp. 1300, 1317 (D. Vt. 1990) (property owners' personal injury and property damage claims did not accrue under Vermont law until plaintiffs had valid reason to suspect that their injuries were caused by herbicides on their property). Plaintiff urges us to apply the same discovery rule here. Although they did not file a cross-appeal, defendants argue that the discovery rule as applied by the superior court in this case should be restricted to professional malpractice cases. See, e.g., *Riojas v. Phillips Properties, Inc.*, 828 S.W.2d 18,

22-27 (Tex. App. 1991) (majority and dissent debate whether "legal injury rule" or "discovery rule" should be applied in dram shop cases). We need not resolve whether the discovery rule as set forth in *Lillicrap* should be applied in dram shop cases because, assuming that it should be, we uphold the superior court's determination that plaintiff's cause of action against defendants accrued in February 1994.

By February 1994, plaintiff knew the extent of his personal injuries and the damage to his property caused by the accident. He knew that Langmaid was the driver of the car that struck him. He knew that Langmaid had been drinking at Valley's Steak House shortly before the accident. Indeed, he had had discussions with a state representative concerning Langmaid being served alcohol at Valley's before the accident. Further, he had seen the State's information charging Langmaid with operating a motor vehicle in a careless and negligent manner "by driving under the influence" and striking another vehicle. Moreover, he was aware that a police investigation had concluded that Langmaid had been served alcohol at Valley's the evening of the accident. Plaintiff concedes his awareness of these facts in February 1994, but contends that his dram shop action had not yet accrued because at that point in time he was not in possession of facts demonstrating that Langmaid had been overserved at Valley's. Noting that it is not against the law for a duly licensed establishment to serve alcohol to its patrons, plaintiff asserts that he could not file a dram shop action until he had evidence that Langmaid had been overserved in violation of the Dram Shop Act.

Plaintiff reads too much into the discovery rule. It is important to keep in mind that the discovery rule seeks to establish the appropriate time from which to *commence* the running of the limitations period. The courts must determine

at what point a plaintiff had information, or should have obtained information, sufficient to put a reasonable person on notice that a particular defendant may have been liable for the plaintiff's injuries. See *Lillicrap*, 156 Vt. at 174, 591 A.2d at 46 (point arises when reasonable person should be able to ascertain that her legal rights have been violated); *Burgett v. Flaherty*, 663 P.2d 332, 334 (Mont. 1983) (test is whether plaintiff has information of circumstances sufficient to put reasonable person on inquiry, or has opportunity to obtain knowledge from sources open to his or her investigation). That is the point from which a plaintiff may use the limitations period to investigate or pursue a cause of action. See *Burgett*, 663 P.2d at 334 (if plaintiff believes that someone has done something wrong to cause her injuries, such fact is sufficient to alert her to investigate and pursue her remedies). The plaintiff need not have an airtight case before the limitations period begins to run. Fleshing out the facts will occur during investigation of the matter or during discovery after the lawsuit is filed.

Accordingly, the limitations period begins to run "when the plaintiff has or should have discovered both the injury and the fact that it *may* have been caused by the defendant's negligence or other breach of duty." *Lillicrap*, 156 Vt. at 175, 591 A.2d at 46 (emphasis added); see *Ware*, 664 F. Supp. at 171 (limitations period for medical malpractice action began to run when plaintiff was on notice that she "might" have legal rights she should explore because "perhaps" caesarean birth should have been performed). We agree with the trial court that by February 1994 plaintiff had more than sufficient information to alert him that a dram shop cause of action against Valley's might be available to him. Plaintiff had seen the State's information charging Langmaid with careless and negligent operation by driving under the influence of intoxicating liquor. Further, he knew that a police investigation had concluded that Langmaid had been drinking at Valley's the evening of the accident. Although at that point he could not be sure that Langmaid had been overserved at Valley's that night, he knew that he would have access to a police report providing more details of the circumstances surrounding the accident. As it turned out, the report, which was available from the Department of Motor Vehicles in June 1994, strongly suggested that Langmaid was indeed overserved intoxicating liquor at Valley's the evening of the accident. According to plaintiff, as far as he knew in February 1994 Langmaid may have had only one drink at Valley's and then had several more in his car before driving off. Such a scenario could not have been ruled out at that time, but the information plaintiff was aware of even in February 1994 presented far more than a "remote possibility" that Valley's had overserved Langmaid. See *Byers v. Burleson*, 713 F.2d 856, 861 (D.C. Cir. 1983) (under essential-facts test, limitations period did not begin to run when only "remote possibility" existed that attorney had been guilty of legal malpractice).

Because there is no dispute as to what material facts plaintiff was aware of in February 1994, and because we conclude that those facts were sufficient, as a matter of law, for plaintiff's dram shop action to accrue, we reject plaintiff's argument that the superior court erred by not allowing the jury to decide the issue. See *Ware*, 664 F. Supp. at 171 (generally determination of when plaintiff actually discovered or reasonably should have discovered injury is factual determination for jury, but summary judgment may be granted to defendant if there is no material factual dispute and no reasonable factfinder could differ in finding for defendant); *Morris v. Geer*, 720 P.2d 994, 997 (Colo. Ct. App. 1986) (determining time when plaintiff discovered or should have

discovered negligent conduct is normally issue for trier of fact, but issue may be decided as matter of law when undisputed facts clearly show that plaintiff discovered or reasonably should have discovered negligent conduct by certain time).

Plaintiff also argues that even if the limitations period began to run in February 1994, it was tolled as the result of Rene Valley's fraudulent concealment of defendants' tortious conduct. In making this argument, plaintiff points to evidence indicating, among other things, that Valley told the bartender who had served Langmaid the evening of the accident not to speak to plaintiff or his attorney and to tell the business's insurance adjuster that she had served Langmaid only two drinks. We conclude that the trial court properly rejected this argument. Under 12 V.S.A. § 555, a limitations period may be tolled when "a person entitled to bring a personal action is prevented from so doing by the fraudulent concealment of the cause of such action by the person against whom it lies." In this case, any fraudulent concealment on the part of Rene Valley did not prevent plaintiff from bringing his dram shop action within the limitations period. We have already concluded that plaintiff knew enough in February 1994 for the two-year limitations period to commence. See *Estate of Chappelle v. Sanders*, 442 A.2d 157, 158 (D.C. 1982) (one well-established defense to claim of fraudulent concealment is that plaintiff knew, or by exercise of due diligence could have known, that he may have had cause of action; mere doubt by party as to right to recover in lawsuit will not suspend running of limitations period). By the beginning of 1995, notwithstanding any fraudulent concealment on the part of Rene Valley, plaintiff had access to ample information indicating that Valley's had overserved Langmaid the night of the accident. See *id.* at 159 (fraudulent concealment did not toll limitation period where plaintiff possessed

information with which timely claim could have been filed). Accordingly, § 555 does not support plaintiff's fraudulent concealment claim.

Finally, plaintiff argues that the superior court erred by dismissing his common law negligence and gross negligence claims. We disagree. We have held that the "Dram Shop Act provides the exclusive remedy for cases falling within its scope, and preempts a cause of action in common law negligence." *Winney v. Ransom & Hastings, Inc.*, 149 Vt. 213, 216, 542 A.2d 269, 270 (1988). Notwithstanding his arguments to the contrary, plaintiff's negligence claims against defendants are plainly within the scope of the Act and thus preempted.

*Affirmed.*