**Charles and Adele GALFETTI v. BERG, CARMOLLI & KENT REAL ESTATE CORP.**

[756 A.2d 1229]

No. 99-384

April 26, 2000. Plaintiffs Charles and Adele Galfetti appeal from an order of the Washington Superior Court granting summary judgment in favor of defendant Berg, Carmolli & Kent Real Estate Corporation. Plaintiffs argue that the court erroneously ruled that their suit alleging negligent misrepresentation and consumer fraud against defendants was time-barred by the six-year statute of limitations. We affirm.

The essential facts are not in dispute. On October 27, 1992, plaintiffs purchased a residential property in Barre from Jean Mudgett, who had listed the property for sale with defendant. The property was listed and advertised as a home with a rental apartment above its garage. A tenant occupied the apartment at the time of the sale.

On November 24, 1992, the Barre zoning administrator sent Ms. Mudgett's attorney a letter that stated that the property was zoned as a single-family dwelling and that multiple-family housing was not allowed in the district. This letter was forwarded to plaintiffs' attorney, who had represented plaintiffs in the purchase of the property. Plaintiffs received the letter in early December 1992. Plaintiffs continued to rent the apartment while attempting to resolve the zoning dispute with the city, but these efforts ultimately failed and plaintiffs were forced to cease renting the apartment.

On July 8, 1998, plaintiffs filed suit against Ms. Mudgett for negligent misrepresentation and breach of warranty.[1] At a November 3, 1998 deposition, Ms. Mudgett testified that she did not know the residential designation for her property at the time of the sale. According to Ms. Mudgett, defendant's real estate broker, Claire Duke, had determined the appropriate zoning for the sale of her property, listed the property, and advertised it as a multi-family dwelling with an income producing apartment.

On January 22, 1999, more than six years after receiving the zoning administrator's letter, plaintiffs filed suit against

_____

[1] That suit is still pending in Washington Superior Court.

defendant, alleging negligent misrepresentation and seeking damages for lost income and loss of fair market value. Plaintiffs' motion to amend their complaint by adding a count of consumer fraud was granted by the court in March 1999. Defendant moved for summary judgment on the ground that plaintiffs' suit was barred by the statute of limitations. Defendant's motion was granted on May 13, 1999, and this appeal followed.

We review a grant of summary judgment using the same standard as the trial court. See *In re Margaret Susan P.*, 169 Vt. 252, 257, 733 A.2d 38, 43 (1999). Summary judgment is appropriate only where, taking the allegations of the nonmoving party as true, it is evident that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. See *id.* The question of which statute of limitations applies to plaintiffs' claim is one of law. See *Fitzgerald v. Congleton*, 155 Vt. 283, 294, 583 A.2d 595, 602 (1990).

Both parties agree that 12 V.S.A. § 511's six-year statute of limitations applies. See *id.* at 293, 583 A.2d at 601 (claims alleging economic loss governed by § 511); *Alpstetten Ass'n v. Kelly*, 137 Vt. 508, 512-13, 408 A.2d 644, 646 (1979) (tort interfering with use and enjoyment of property implicates six-year statute of limitations). Plaintiffs argue that the court erred because it did not apply the "discovery of the injury plus its cause" rule for determining when a cause of action accrues. The issue here is when the applicable six-year statute of limitations accrued.

Plaintiffs rely primarily on our decisions in *University of Vermont v. W.R. Grace & Co.*, 152 Vt. 287, 565 A.2d 1354 (1989), and *Lillicrap v. Martin*, 156 Vt. 165, 591 A.2d 41 (1989), to contend that the statute commences "'only when a plaintiff discovers or reasonably should discover the injury, its cause, and the existence of a cause of action.'" *Lillicrap*,

156 Vt. at 176, 591 A.2d at 47 (quoting *Ware v. Gifford Memorial Hosp.*, 664 F. Supp. 169, 171 (D. Vt. 1987)). However, plaintiffs' argument overlooks our recent decisions applying this rule.

In *Agency of Natural Resources v. Towns*, 168 Vt. 449, 724 A.2d 1022 (1998), we examined whether an ANR enforcement action could be brought against a former property owner more than six years after he had allegedly violated state environmental laws. A subsequent owner of the property had first reported the possible violation nine years prior to the action, but the ANR had not acted. We stated this well-settled general rule governing the accrual of actions:

> [A] cause of action is generally said to accrue upon the "'discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery.'" Thus, the statute of limitation[s] begins to run when the plaintiff has notice of information that would put a reasonable person on inquiry, and the plaintiff is ultimately "chargeable with notice of all the facts that could have been obtained by the exercise of reasonable diligence in prosecuting [the] inquiry."

*Id.* at 452, 724 A.2d at 1024 (citations omitted). We remanded the case for fact-finding to determine whether the ANR knew or should have known — by virtue of the reports of possible violations from the subsequent landowner — about the violations the landowner may have committed nine years earlier, and thus whether the action was time-barred by the statute of limitations. *Id.* at 454, 724 A.2d at 1025.

We construed our discovery rule similarly in *Rodrigue v. VALCO Enterprises*,

*Inc.*, 169 Vt. 539, 726 A.2d 61 (1999) (mem.), a Dram Shop Act claim. In *Rodrigue*, the plaintiff was injured by a drunk driver who had allegedly been overserved at the defendant's establishment. Plaintiff argued that his case did not accrue until he discovered that the defendant had indeed overserved the driver. We rejected the plaintiff's argument:

> Plaintiff reads too much into the discovery rule. It is important to keep in mind that the discovery rule seeks to establish the appropriate time from which to *commence* the running of the limitations period. The courts must determine at what point a plaintiff had information, or should have obtained information, sufficient to put a reasonable person on notice that a particular defendant may have been liable for the plaintiff's injuries.

*Id.* at 540-41, 726 A.2d at 63.

*Towns* and *Rodrigue* control the instant case. The statute of limitations began to run in December 1992, when the zoning administrator's letter was forwarded and received by both plaintiffs and their attorney. The court found that as of December 1992, more than six years before they filed suit against defendant, plaintiffs had direct as well as imputed knowledge of the material in the letter. See *Towns*, 168 Vt. at 453, 724 A.2d at 1025 ("[N]otice to an attorney sufficient to trigger the statute of limitations is imputed to the client, and will bar a claim, regardless of whether that information was actually communicated to the client."). The court noted that plaintiffs' statement of disputed material facts did not contest the fact that plaintiffs received a copy of the zoning administrator's letter in December 1992, and plaintiffs have not claimed that the court erred in so finding.

That letter informed plaintiffs that the property they had purchased only six weeks before — a sale in which defendant's involvement was obvious — was zoned as a single-family dwelling and that multiple-family housing was not allowed in the district. This notice constituted information that would put a reasonable person on inquiry that the use of their property as a rental unit violated Barre's zoning ordinance, and any reasonably diligent inquiry after receipt of the letter would have readily led plaintiffs to the facts they now claim they did not learn until nearly six years later when they deposed Ms. Mudgett. See *Towns*, 168 Vt. at 452, 724 A.2d at 1024. Plaintiffs cannot convincingly argue that in December 1992 they did not have information "sufficient to put a reasonable person on notice that a particular defendant may have been liable" for their injuries. *Rodrigue*, 169 Vt. at 541, 726 A.2d at 63. Any reasonable inquiry would have strongly suggested that defendant, who listed and advertised the property, might have caused the misrepresentation and fraud they claimed. Plaintiffs here are "ultimately 'chargeable with notice of all the facts that could have been obtained by the exercise of reasonable diligence in prosecuting [the] inquiry.'" *Towns*, 168 Vt. at 452, 724 A.2d at 1024 (quoting *Lamoille County Sav. Bank & Trust Co. v. Belden*, 90 Vt. 535, 541, 98 A. 1002, 1005 (1916)).[2]

---

[2] We note that plaintiffs' attorney was aware of defendant's potential liability prior to the expiration of the six-year statute of limitations. On September 18, 1998, plaintiffs' attorney wrote a letter to Ms. Duke, an employee of defendant, informing her that answers to interrogatories in plaintiffs' pending action against the seller, Ms. Mudgett, "leaves us no choice but to make you a party to this law suit." Plaintiffs' attorney — in suggesting to Ms. Duke that she contact her insurance carrier to see if potential claims

Moreover, because there is no dispute as to what material facts plaintiffs were aware of in December 1992, and because we conclude that those facts were sufficient, as a matter of law, for plaintiffs' claims against defendant to accrue, we reject plaintiffs' argument that the superior court erred by not allowing the jury to decide the issue. See *Rodrigue*, 169 Vt. at 541, 726 A.2d at 64; *Ware*, 664 F. Supp. at 171 (generally determination of when plaintiff actually discovered or reasonably should have discovered injury is factual determination for jury, but summary judgment may be granted to defendant if there is no material factual dispute and no reasonable factfinder could differ in finding for defendant); *Morris v. Geer*, 720 P.2d 994, 997 (Colo. Ct. App. 1986) (determining time when plaintiff discovered or should have discovered negligent conduct is normally issue for trier of fact, but issue may be decided as matter of law when undisputed facts clearly show that plaintiff discovered or reasonably should have discovered negligent conduct by certain time).

*Affirmed.*

Motion for reargument denied July 13, 2000.

---

against her could be resolved prior to making her a party to the litigation — asserted that "time is of essence." Plaintiffs were aware of far more than a "remote possibility" that defendant might have been responsible for causing some part of their injury. *Rodrigue*, 169 Vt. at 541, 726 A.2d at 64 (quoting *Byers v. Burleson*, 713 F.2d 856, 861 (D.C. Cir. 1983)). Plaintiffs need not have an "airtight case" before the limitations period begins to run. *Id.* at 541, 726 A.2d at 63.