McClure v. Banse & Banse, P.C., No. 938-12-08 Rdcv (Cohen, J., Feb. 18, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| **PAUL E. McCLURE, JR.,** | ) | **Rutland Superior Court** |
| | ) | **Docket No. 938-12-08 Rdcv** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BANSE & BANSE, P.C. and** | ) | |
| **PETER H. BANSE, Esquire,** | ) | |
| | ) | |
| **Defendants** | ) | |

## DECISION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

This case involves a claim for legal malpractice arising out of defendant Peter Banse's alleged representation of plaintiff Paul McClure in a side-agreement to a land purchase. Plaintiff Paul McClure and defendants Peter H. Banse, Esq. and Banse and Banse, P.C. have filed cross-motions for Summary Judgment. Plaintiff is represented by Matthew G. Hart, Esq. and Rodney McPhee, Esq. Defendants are represented by Kaveh S. Shahi, Esq.

### Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In response to an appropriate motion, judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, ... show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, the court accepts as true allegations made in opposition to the motion

for summary judgment, provided they are supported by evidentiary material. *Robertson v. Mylan Labs*, *Inc.,* 2004 VT 15, ¶ 15, 176 Vt. 356. The nonmoving party then receives the benefit of all reasonable doubts and inferences arising from those facts. *Woolaver v. State*, 2003 VT 71, ¶ 2, 175 Vt. 397. Furthermore, where, as here, "the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case. The burden then shifts to the nonmoving party to persuade the court that there is a triable issue of fact." *Ross v. Times Mirror, Inc.,* 164 Vt. 13, 18 (1995) (internal citations omitted).

## BACKGROUND

In the instant action, Paul E. McClure, Jr. alleges fiduciary breach—conflict of interest, legal malpractice, and breach of contract against Peter H. Banse, Esq. and his law firm, Banse and Banse, P.C., arising out of representation in a real estate transaction.

In early 2002, John Adams approached Paul McClure about the possibility of McClure purchasing land in Fair Haven from William G. Altorfer, Sr. and William G. Altorfer, Jr. (the "Altorfer Development"). At the same time, Adams indicated to McClure his own intent to purchase land owned by the Altorfers, near the Altorfer Development. At Adams's recommendation, McClure retained attorney Peter Banse, of Banse & Banse, P.C., to represent him in the purchase of the Altorfer Development, as Attorney Banse had a long standing relationship with Adams and was representing him in his purchase from the Altofers.

Attorney Banse, in addition to representing McClure and Adams in their respective purchases from the Altofers, also drafted an agreement between McClure and

Adams. According to McClure, this was done at the instruction of Adams and included a condition by which Adams could obtain from McClure, for no consideration, one and one-half lot from the Altorfer Development (lot 13 and part of lot 12) if McClure failed to transfer lot 12 with permits to Adams within a certain time.

Attorney Banse did not advise McClure as to a conflict of interest in representing both parties to the agreement, did not have him sign a conflict waiver, and did not recommend that he obtain separate counsel. Attorney Banse contends that Adams and McClure had already reached their agreement orally without his participation and that he acted merely as a scrivener, putting the agreement to paper, and not as counsel to either party. He further contends that he told both McClure and Adams that he would not be part of any negotiations between the two concerning their agreement.

Attorney Banse presented the agreement to McClure and Adams at the time of their closings on July 18, 2002. Both sides signed the agreement. McClure contends that Attorney Banse never reviewed the agreement with him or advised him of the ramifications of signing it.

Adams recorded the agreement in the Fair Haven Land Records in 2004. McClure, unaware of Adams's claim of ownership, began building a house on lot 13 in 2007. Adams then filed suit against McClure claiming ownership of the one and one-half lot under the agreement. The parties settled their dispute, as McClure paid Adams $27,500 to release his claim against lot 13 and lot 12. In the instant action for legal malpractice, McClure seeks to recover from Attorney Banse the settlement he paid Adams and consequential damages arising from the delayed building of his home.

In his Motion for Summary Judgment, Plaintiff McClure argues that there are no undisputed facts as to the existence of an attorney-client relationship, breach of the duty of care by Defendant Banse by failing to disclose a conflict of interest and failing to advise Plaintiff regarding the agreement, and that this breach was the proximate cause of harm to Plaintiff.

In Defendants' Motion for Summary Judgment, they argue that Plaintiff did not disclose an expert in a timely manner, there was no violation of Rule 1.7 of the Vermont Rules of Professional Conduct, there is no evidence of causation, and Plaintiff's claim for malpractice is barred under the statute of limitations.

## DISCUSSION

A lawsuit against an attorney for negligence generally requires: (1) the existence of an attorney-client relationship which establishes a duty of care; (2) the negligence of the attorney measured by his or her failure to perform in accordance with established standards of skill and care; and (3) that the negligence was the proximate cause of harm to plaintiff. *Hedges v. Durrance*, 2003 VT 63, ¶ 6, 175 Vt. 588 (mem.) (citing *Brown v. Kelly*, 140 Vt. 336, 338 (1981); *Bresette v. Knapp*, 121 Vt. 376, 380 (1960)). Typically, the elements of professional negligence by an attorney are demonstrated through the use of expert testimony. *Estate of Fleming v. Nicholson*, 168 Vt. 495, 497 (1998).

Defendants argue that Plaintiff failed to disclose his expert by the required discovery deadline of August 1, 2009; thus, the expert's testimony should be excluded. Plaintiff disclosed his expert, Stacy Chapman, on December 1. Mr. Chapman's affidavit is dated September 17. Nevertheless, the Court will not exclude the expert's testimony.

Rather, Defendants will have the opportunity to depose Plaintiff's expert at Plaintiff's expense.

Defendants have presented evidence which shows that there are genuine issues of material fact as to all three elements of professional negligence. Therefore, Plaintiff's motion for summary judgment is denied. Essentially, both parties have their own version of events surrounding the existence of an attorney-client relationship and the drafting and signing of the agreement. It is not the Court's function to *weigh* the evidence when assessing the merits of a motion for summary judgment, but to determine whether a triable issue of fact exists. *Booska v. Hubbard Insurance Agency, Inc.*, 160 Vt. 305, 309 (1993).

However, because Defendants have not deposed Plaintiff's expert, it is still possible that a genuine issue of material fact does not exist as to one or more of the three elements necessary to prove professional negligence, as these elements require expert testimony. Therefore, after Plaintiff's expert is deposed, Defendants may renew their motion for summary judgment as to the elements necessary to establish legal malpractice.

Defendants also argue that Plaintiff's claim is barred by the statute of limitations. The six-year statute of limitations set forth in 12 V.S.A. § 511 applies to attorney malpractice actions alleging economic loss. See *Fitzgerald v. Congleton,* 155 Vt. 283, 293 (1990). The discovery rule applies to such suits. *Howard Bank v. Estate of Pope,* 156 Vt. 537, 538-39 (1991). Under the discovery rule, a plaintiff's cause of action is deemed to have accrued "at the *earliest* point at which [the] plaintiff discovers an injury and its possible cause." *Earle v. State,* 170 Vt. 183, 190 (1999). "Accordingly, the limitations period begins to run when the plaintiff has or should have discovered both the injury and

5

the fact that it *may* have been caused by the defendant's negligence or other breach of duty. *Rodrigue v. VALCO Enters.*, 169 Vt. 539, 541 (1999) (mem.). In determining when a cause of action accrued, the plaintiff is ultimately chargeable with knowing all facts that could have been obtained with reasonable diligence. *Agency of Natural Resources v. Towns*, 168 Vt. 449, 452-53 (1998).

The closing and signing of the agreement occurred on July 18, 2002. Mr. Adams recorded the agreement in the Fair Haven Land Records in 2004. Plaintiff, allegedly unaware of Adams's claim of ownership, began building a house on lot 13 in 2007. Therefore, a genuine issue of material exists as to when Plaintiff discovered or should have discovered both the injury and the fact that it may have been caused by the defendant's negligence or other breach of duty. See *Rodrigue*, 169 Vt. at 541. This is a question of fact for the jury to determine.

## ORDER

(1)     Plaintiff's Motion for Summary Judgment, filed December 2, 2009, is DENIED.

(2)     Defendants' Motion for Summary Judgment, filed December 15, 2009, is DENIED.

(3)     Defendants will depose Plaintiff's expert, Stacy Chapman, at Plaintiff's expense.

(4)     After the deposition of Plaintiff's expert, Defendants may renew their Motion for Summary Judgment as to the elements necessary to prove legal malpractice.

Dated at Rutland, Vermont this _____ day of _____, 2010.

                         _____
                         Hon. William Cohen
                         Superior Court Judge