Rawson et. al. v. State of Vermont et. al., No. 14-1-13 Wrcv (Teachout, J. Mar. 27, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 14-1-13 Wrcv** |

**KENNETH P. RAWSON and**
**VALERIE RAWSON,**

      **Plaintiffs,**

**v.**

**STATE OF VERMONT,**
**STATE OF VERMONT AGENCY OF**
**TRANSPORTATION,**
**DALE R. NORTON,**
**JOHN DOE, and**
**KUBRICKY CONSTRUCTION**
**CORPORATION,**

      **Defendants.**

## DECISION
### Defendant Kubricky Construction Corporation's
### Motion For Summary Judgment

This matter is before the court on the Motion for Summary Judgment filed November 5, 2013 by Kubricky Construction Corporation ("Kubricky"). Plaintiffs are represented by Attorney Arend R. Tensen. Defendant Kubricky is represented by Attorney Daniel L. Burchard. Oral argument on the motion was heard on March 11, 2014.

## FACTS

In this personal injury case, Kenneth P. Rawson, a truck driver, claims he was injured while making a delivery of bridging equipment to a construction site in Addison, Vermont, where the State of Vermont was constructing a new bridge between Vermont and New York. He alleges that when he arrived to unload, he climbed up onto his flatbed truck to pull the straps off so that the load could be removed off the flatbed by a loader. He further alleges that while he was still on the flatbed, the loader operator began lifting the load, which swung and hit him, causing him to fall backward off his flatbed and he fell on the ground below and was injured. He understood that he was making the delivery to the State of Vermont. The Load Information Sheet described the destination as "Vermont AOT." He alleges that the Bill of Lading was signed for by the loader operator. The Bill of Lading was signed by Dale Norton on behalf of Vermont AOT.

As a result of this incident, which occurred on January 11, 2010, Plaintiffs[1] filed a Complaint against the State of Vermont, the State of Vermont Agency of Transportation, Dale R. Norton, and John Doe (a possible unidentified loader operator) (collectively, "Vermont Defendants") on January 4, 2013, one week before the expiration of the applicable three year statute of limitations period. It is undisputed that at the time of filing the complaint, Plaintiffs had no knowledge that Kubricky Construction Corporation had any role at the job site.

On May 1, 2013, Vermont Defendants filed a third-party complaint against Kubricky calling upon Kubricky to defend and indemnify the Vermont Defendants under a construction contract between them for work performed by Kubricky for the State at the bridge site. Thereafter, on June 4, 2013, Plaintiffs amended their complaint, naming Kubricky as a defendant and alleging that it was also liable to Plaintiffs. Vermont Defendants then withdrew their third-party complaint on July 24, 2013. Kubricky's facts are that it had no knowledge of the incident in which Mr. Rawson was injured until February 15, 2013, when it received information about the incident from the Vermont Attorney General's office as a result of the filing of the lawsuit.

Kubricky has moved for summary judgment, asserting that Plaintiffs' claim against Kubricky is time-barred because Plaintiffs failed to commence an action against Kubricky within three years of the date that Plaintiffs' cause of action accrued. Plaintiffs oppose the motion on the grounds that a genuine issue of material fact exists as to whether Plaintiffs' cause of action accrued on the date of Mr. Rawson's injury or accrued at a later date when Plaintiffs reasonably should have discovered that they had a claim against Kubricky. Kubricky argues that Plaintiffs should have discovered the identity of the loader operator, but instead did nothing to identify that person during the three-year statute of limitations period. Kubricky argues that it was unreasonable as a matter of law for Plaintiffs to make no attempt to discover Kubricky's identity during the three-year period. Plaintiffs counter that they had no reason to search for Kubricky because Mr. Rawson never knew of Kubricky's existence and saw and interacted only with state employees at the jobsite where he was injured.

ANALYSIS

To prevail on a motion for summary judgment, a movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). In ruling on a motion for summary judgment, the court will take "all allegations made by the nonmoving party as true." *Richart v. Jackson*, 171 Vt. 94, 97 (2000). Thus, Plaintiffs are entitled to have all reasonable doubts and inferences resolved in their favor.

For personal injury actions, the statute of limitations is three years. 12 V.S.A. § 512. It is undisputed that Plaintiffs filed their initial complaint within the three-year statute of limitations, but filed their amended complaint, which first-named Kubricky as a defendant, beyond the statute of limitations period.

---

[1] Mr. Rawson's wife, Valerie Rawson, makes a claim for loss of consortium.

Generally, a statute of limitations does not begin "to run until the plaintiff has discovered his 'legal injury,' such that the statute begins to run only when the plaintiff has or should have discovered both the injury *and the fact that it may have been caused by the defendant's negligence or other breach of duty*." *Lillicrap v. Martin*, 156 Vt. 165, 175 (1989) (emphasis added). To establish when a plaintiff's "legal injury" occurred, it must be determined "at what point a plaintiff had information, or should have obtained information, sufficient to put a reasonable person on notice that a particular defendant may have been liable for the plaintiff's injuries." *Rodrigue v. VALCO Enterprises, Inc.*, 169 Vt. 539, 541 (1999).

Kubricky's argument that it is entitled to summary judgment because it was unaware of Mr. Rawson's accident or this lawsuit until February 13, 2013 must fail. The issue of its awareness of this action would be relevant if this situation fell under V.R.C.P. 15 (c), and Plaintiffs were attempting to amend their pleadings because they had mistakenly named the wrong party and were seeking relation back to the original date of filing. Here, however, the question is when Plaintiffs' cause of action against Kubricky accrued. Whether Kubricky knew of the incident is not relevant on that issue.

Kubricky's argument that it was unreasonable *as a matter of law* for Plaintiffs to fail to identify the loader operator during the statute of limitations period must also fail. In determining when a cause of action accrues, the appropriate question is when a reasonable person would have discovered a potential defendant, not whether a particular plaintiff acted reasonably or unreasonably. The answer to this question requires findings of fact about when a reasonable person would have made the discovery, taking into account all reasonable inferences from the circumstances. This must be done by the trier of fact, which in this case is the jury. When Plaintiffs should have discovered that Kubricky was a potential defendant is a disputed question of material fact. *See Lillicrap*, 156 Vt. at 172 ("The question of when the injury was or reasonably should have been discovered is one of fact to be determined by the jury." (internal quotation omitted)).

Reasonable inferences favorable to Plaintiffs are sufficient to put in dispute the material fact of when a reasonable person would have made the discovery of the role of Kubricky on the job site. *See In re Lowry*, 2013 VT 85, ¶ 10 (noting that a trial is "absolutely necessary where there is a genuine issue as to any material fact."). Accordingly, Kubricky's motion must be denied.

<u>ORDER</u>

Kubricky's Motion for Summary Judgment is hereby *denied*.

Dated at Woodstock, Vermont, this 26th day of March, 2014.

_____
Honorable Mary Miles Teachout
Superior Court Judge

3