*Krause v. Sunrise Family Resource Center*, 52-2-18 Bncv (Barra, J., June 5, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Bennington Unit | CIVIL DIVISION<br>Docket No. 52-2-18 Bncv |

| | |
|---|---|
| Carri Radcliffe Krause,<br>　　　Plaintiff<br><br>　　　v.<br><br>Sunrise Family Resource Center,<br>　　　Defendant | DECISION ON MOTION |

This matter is before the court on Defendant's Motion for Summary Judgment. Plaintiff filed tort claims arising from sexual abuse allegedly perpetrated by Defendant's former employee when Plaintiff was enrolled in its facility in 1988. Defendant argues that Plaintiff's claims are barred by the six-year statute of limitations in 12 V.S.A. § 522, which governs actions based on childhood sexual abuse, and by the equitable doctrine of laches. For the reasons set forth below, the motion is DENIED.

FACTUAL BACKGROUND

Ms. Radcliffe was born on June 22, 1985. In 1988, she was enrolled in daycare at Sunrise Family Resource Center. She claims that a former employee of Sunrise sexually abused her while she attended that facility. In 1991, Ms. Radcliffe's mother filed a complaint against Sunrise for the sexual abuse, which she voluntarily dismissed. Ms. Radcliffe maintains that she never knew that her mother filed said complaint on her behalf until shortly before filing the present lawsuit. Ms. Radcliffe filed the Complaint at bar on February 14, 2018, bringing claims of battery, negligent hiring, negligent supervision, negligence, and negligent infliction of emotional distress, for which she seeks compensatory and exemplary damages.

Ms. Radcliffe has a history of physical and psychological problems, including ovarian cysts, PTSD, anxiety, depression, and panic disorder. She has received treatment with multiple healthcare providers throughout her life. Ms. Radcliffe maintains that she has always known that she was sexually abused at Sunrise. She has discussed the sexual abuse with several healthcare providers. Ms. Radcliffe alleges that although she knew she was sexually abused at Sunrise, and although she discussed the abuse with healthcare providers, she did not know that her psychological conditions were caused by the sexual abuse until January 14, 2014. Ms. Radcliffe claims that on that day, her therapist, Paula Shulman, explained the connection between anxiety, depression, and panic attacks with PTSD, and that childhood sexual abuse can cause PTSD. She maintains that prior to this, she did not associate any of her psychological problems with the abuse, as she seldom thought about the abuse and the events at Sunrise seemed remote in time.

CONCLUSIONS OF LAW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The record evidence must be considered in the light most favorable to the nonmoving party, who receives the benefit of all reasonable doubts and inferences. *Stone v. Town of Irasburg*, 2014 VT 43, ¶ 25, 196 Vt. 356; *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356.

Sunrise first argues that Ms. Radcliffe's claims are barred by the statute of limitations in 12 V.S.A. § 522, which provides:

> A civil action brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within six years of the act alleged to have caused the injury or condition, or six years of the time the victim discovered that the injury or condition was caused by that act, whichever period expires later. The victim need not establish which act in a series of continuing sexual abuse or exploitation incidents caused the injury.

12 V.S.A. § 522(a). The statute is applicable to this matter by virtue of the retroactivity provision in the enacting legislative act, which provides that the statute applies to all causes of action commenced after July 1, 1990, "so long as either the act of sexual abuse or the discovery that the injury or condition was caused by the act of sexual abuse occurred on or after July 1, 1984." See 1989, No. 292 (Adj. Sess.), § 4(b); *Earle v. State*, 170 Vt. 183, 188 (1999). The sexual abuse in this case is alleged to have occurred in 1988.

Additionally, § 522 is tolled until a plaintiff turns eighteen years of age if the action accrued prior to her eighteenth birthday. 12 V.S.A. § 551; *Earle*, 170 Vt. at 192. Here, Ms. Radcliffe was born on June 22, 1985 and turned 18 on June 22, 2003. If the action accrued before she turned 18, the six-year limitations period expired on June 22, 2009. However, it is possible that the action accrued under the discovery prong of § 522 after her eighteenth birthday, and within six years of the filing of the Complaint on February 14, 2018. Thus, at issue is whether there is a genuine dispute of fact as to whether the action accrued within six years of the filing of the Complaint.

The word "act" in § 522 does not "refer solely to the alleged act of sexual abuse, but could refer also to the alleged act of negligence by a third party." *Earle*, 170 Vt. at 188. The date of accrual under the statute of limitations turns on "the point at which a plaintiff should have discovered the basic elements of a cause of action: an injury caused by the negligence or breach of duty of a particular defendant." *Id.* at 193. The six-year limitations period begins to run "when a plaintiff 'had information, or should have obtained information, sufficient to put a reasonable person on notice that a particular defendant may have been liable for the plaintiff's injuries.'" *Id.* (quoting *Rodrigue v. VALCO Enterprises, Inc.*, 169 Vt. 539, 541 (1999)). The statute of limitations does not provide:

[L]imitless causes of action, accruing every time a new condition is discovered. Normally, a plaintiff cannot claim that an additional limitations period is inaugurated when additional injuries arising from the same incident are discovered later. A cause of action is generally deemed to accrue at the earliest point at which a plaintiff discovers an injury and its possible cause.

*Earle v. State*, 170 Vt. 183, 190 (1999).

"[T]he question of when an injury reasonably should have been discovered 'is one of fact to be determined by the jury.'" *Clarke v. Abate*, 2013 VT 52, ¶ 10, 194 Vt. 294 (quoting *Lillicrap v. Martin*, 156 Vt. 165, 172 (1989)). The court may determine the accrual-date issue only "when there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on that issue." *Id.* (quoting *Turner v. Roman Catholic Diocese of Burlington, Vermont*, 2009 VT 101, ¶ 48, 186 Vt. 396).

Here, Sunrise points to specific references in Ms. Radcliffe's medical records obtained during discovery and argues that they demonstrate that she was aware of the sexual abuse, the injuries and conditions resulting therefrom, and Sunrise's breach of a duty for more than six years before filing the Complaint. The records, however, only contain references proving that Ms. Radcliffe discussed the alleged sexual abuse with health professionals at various points of her life. They do not prove as a matter of law that Ms. Radcliffe had information, or should have obtained information, sufficient to put a reasonable person on notice that the sexual abuse caused her psychological conditions or that Sunrise—as opposed to the alleged perpetrator—breached a duty of care, thereby accruing her cause of action six years before the filing of the Complaint. A jury may well make that finding, but Sunrise has failed to prove that there is no genuine dispute as to this material fact.

As an initial matter, the fact that Ms. Radcliffe's mother brought a claim against Sunrise in 1991 for the alleged sexual abuse does not prove the absence of a genuine dispute of material fact. Ms. Radcliffe was about six years old at the time. Although it is possible that mother and daughter discussed the claim at that time or thereafter, Ms. Radcliffe submits by affidavit that she never knew that her mother filed said complaint on her behalf until shortly before filing the present lawsuit. The statute of limitations is predicated on *the victim* discovering that the injury or condition was caused by the act. See 12 V.S.A. § 522(a). There is no evidence before the court of conversations between Ms. Radcliffe and her mother regarding the 1991 complaint. Nor is there any other evidence to prove that Ms. Radcliffe knew of the complaint six years before filing the Complaint in this matter. Finally, there is no basis for the court to conclude that a reasonable person in Ms. Radcliffe's position should have known of the action.

Sunrise's references to Ms. Radcliffe's medical records also do not prove the absence of a genuine dispute of material fact. The first reference is to a health history form dated September 8, 2000 and an emergency department report from the same year. Both documents only prove that Ms. Radcliffe informed the health providers of the alleged sexual abuse. Notably, neither document relates to a mental health condition. Instead, both health forms were prepared in relation to Ms. Radcliffe's treatment for ovarian cysts.

Sunrise's second reference is to a diagnosis and evaluation form from a counseling services provider. The form merely notes that Ms. Radcliffe "has a history of being sexually molested as a child" and goes on to describe other aspects of her medical and psychological history.

The third reference is to a health history form dating back to when Ms. Radcliffe was 19. The form only notes that Ms. Radcliffe has a history of sexual abuse and that she saw a counselor. There is no evidence regarding the psychological condition for which treatment was sought or of the nature of that treatment.

The final relevant reference is to a 2010 intake form associated with Ms. Radcliffe's visits to her therapist, Paula Shulman. The document contains the phrase "teacher finger in me." It also contains an unintelligible diagram with disorganized words, such as "took pictures," "made us do it to each other," "put objects," "molested," and "daycare." The diagram also contains the word "anxiety." The court is unable to draw any conclusions as a matter of law from this document. It would be mere speculation to find that the presence of the word "anxiety" proves that Ms. Radcliffe made a connection between the alleged abuse and one of her psychological conditions.

The other references are from documents prepared within six years of the filing of the Complaint. Thus, they cannot prove that Ms. Radcliffe made or should have made the requisite connection prior to six years before the Complaint was filed.

Even viewing this limited evidence in the aggregate, the evidence fails to prove as a matter of law that Mr. Radcliffe had information, or should have obtained information, sufficient to put a reasonable person on notice that the sexual abuse caused her psychological conditions or that Sunrise breached a duty of care. The Supreme Court has recognized that victims of childhood sexual abuse "may be unable to understand or make the connection between childhood sexual abuse and emotional harm until many years after the abuse" and that "victims who are aware of some childhood sexual abuse discover serious injuries many years later." *Earle v. State*, 170 Vt. 183, 189–90 (1999). Sunrise's evidence only proves that Ms. Radcliffe discussed the abuse with health professionals at various points of her life. There is no evidence of what the health professionals concluded or of what they communicated to Ms. Radcliffe. Thus, there is no evidence at present from which to find as a matter of law that a reasonable person should have made the required link before Ms. Radcliffe allegedly did. Accordingly, there is a genuine dispute of material fact on the statute-of-limitations issue that should be decided by a jury.

Sunrise's second argument for summary judgment is that Ms. Radcliffe's claims are barred by the equitable doctrine of laches. "Laches is the failure to assert a right for an unreasonable and unexplained period of time when the delay has been prejudicial to the adverse party, rendering it inequitable to enforce the right." *Stamato v. Quazzo*, 139 Vt. 155, 157 (1980). It is not delay alone that gives rise to laches, "but from delay that works disadvantage to another." *In re Estate of Lovell*, 2011 VT 61, ¶ 10, 190 Vt. 99 (quoting *Comings & Livingston v. Powell*, 97 Vt. 286, 294 (1923).

Given the Supreme Court's recognition that victims of childhood sexual abuse may be unable to link the abuse with emotional harm until many years later, and given the paucity of evidence in this case regarding Ms. Radcliffe's awareness of the causes of her psychological conditions, the court cannot find that Ms. Radcliffe failed to assert her right to bring these claims for an unreasonable and unexplained period of time. Thus, summary judgment is not appropriate on grounds of laches.

For the reasons set forth above, Defendant's Motion for Summary Judgment is DENIED.

So ordered.


_____
**David Barra**
**Superior Court Judge**